# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00113-CV

### In re Fluor Enterprises, Inc.; Fluor Corporation; Fluor Constructors International, Inc.; and Fluor Texas, Inc.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

This is an original proceeding seeking a writ of mandamus to direct Respondent, the Honorable Mark Davidson of the 11th Judicial District Court of Harris County, Texas, to vacate his order of February 23, 2006, remanding this case to the 345th Judicial District Court of Travis County, Texas. It was filed in this Court by Relators Fluor Enterprises, Inc., Fluor Corporation, Fluor Constructors International, Inc., and Fluor Texas Inc. (the "Fluor Defendants"). The underlying lawsuit is an asbestos case involving allegations of a death due to mesothelioma filed against a number of defendants, including the Relators. On September 29, 2005, this lawsuit was set for trial in the Travis County District Court for February 27, 2006. The Fluor Defendants transferred the lawsuit to the asbestos multi-district litigation ("MDL") pretrial court in Harris County on February 23, 2006. The same day, Judge Davidson, the MDL pretrial judge, heard the plaintiffs' motion to remand and remanded the case back to Travis County district court. This original proceeding, as well as an Emergency Motion for Temporary Relief staying the trial, were

filed in this Court on February 24, 2006, seeking review of Judge Davidson's order remanding the case to the Travis County trial court.

The question before us is whether the MDL pretrial court abused its discretion in remanding this case for trial in light of Texas Civil Practices and Remedies Code section 90.010. Section 90.010 is a portion of the comprehensive statute dealing with asbestos and silica cases effective September 1, 2005. Tex. Civ. Prac. & Rem. Code Ann. §§ 90.001-.012 (West Supp. 2005). Relators argue that section 90.010 precludes the MDL pretrial court from remanding this case for trial until the plaintiffs serve a report on the Relators that complies with section 90.003. It is undisputed that the plaintiffs have not served such a report. The plaintiffs, who are the Real Parties in Interest, argue that section 90.010 does not prohibit a remand in this case when the Relators waited until four days before trial to attempt to transfer the case to the MDL proceeding and when the attempted transfer violated the MDL pretrial court's deadlines set out in its case management order. We deny the Motion for Emergency Relief and deny the Petition for Writ of Mandamus.

**Facts**

This asbestos case was originally filed in Travis County district court on January 4, 2004. The plaintiffs seek damages for personal injury and wrongful death relating to the exposure of Sam Wallace, Jr., deceased, to asbestos fibers. Mr. Wallace had been diagnosed with mesothelioma. The Fluor Defendants appeared pursuant to the Travis County Standing Order relating to asbestos cases on February 14, 2005, and formally answered on April 28, 2005.

Because it was filed in January 2004, the lawsuit is subject to the application of MDL rules that were authorized by the Legislature in 2003. Tex. Gov't. Code Ann. § 74.163 (West 2005).

2

Pursuant to these rules, the judicial panel on multi-district litigation appointed the 11th District Court in Harris County to act as the MDL pretrial court for consolidated pretrial proceedings in asbestos cases filed after September 1, 2003. *See Union Carbide v. Adams*, No. 03-0895 (Tex. M.D.L. Panel, Jan. 13, 2004). As part of its delegated authority to manage the MDL asbestos docket, the MDL pretrial court entered its original case management order on July 29, 2004, setting forth various procedures for the management of the docket, including deadlines for transferring cases to the MDL pretrial court. *In re Asbestos Litigation*, No. 2004-03964 (11th Dist. Ct., Harris County, Tex.). This case management order was later amended by the MDL pretrial court's First Amended Case Management Order entered on December 21, 2004.[1] The amended case management order did not alter the procedural deadlines applicable to the transfer of this case to the MDL pretrial court.

The Case Management Order required defendants to transfer their case within thirty days of their answer. *See id*., par. I.A.1. The Fluor Defendants did not transfer this case to the MDL pretrial court by this deadline. In fact, the Fluor Defendants did not transfer or attempt to transfer the case to the MDL proceeding during 2005 or January 2006.[2] The first attempt to transfer the case to the MDL proceeding was on Thursday, February 23, 2006, four days before the scheduled trial setting in Travis County District Court of Monday, February 27, 2006. The MDL pretrial court wasted no time in considering an oral motion to remand, held a telephonic hearing on the motion,

---

[1] The court signed a second amended order on February 24, 2006—the day after the court remanded this cause to the Travis County District Court.

[2] Although the case was filed in January 2004, citation was not served until January 2005. The Fluor Defendants appeared for the first time in February 2005.

and remanded the case the same day it was transferred. The remand was granted by written order signed by Judge Davidson and does not detail the basis for the ruling.

Because this case was pending on the date that chapter 90 of the civil practices and remedies code became law, various portions of that statute apply. Notably, the requirement under section 90.003 for the claimants to serve a report on each defendant by a board-certified physician in pulmonary medicine, occupational medicine, internal medicine, oncology, or pathology stating that "to a reasonable degree of medical probability, exposure to asbestos was a cause of the diagnosed mesothelioma." Tex. Civ. Prac. & Rem. Code Ann. § 90.003(a)(1)(B) (West Supp. 2005). The plaintiffs do not contest that the report is required nor do they contest that they failed to serve such a report. Their argument is, in essence, that the Relators waived their right to delay a trial over the failure to serve a report by: (1) waiting several months to raise the issue, (2) foregoing their right to transfer the case to the MDL pretrial court under the provisions of the case management order, (3) failing to seek a continuance in the trial court, and (4) and raising the absence of the report for the first time on the eve of trial.

**Jurisdiction**

Under Rule of Judicial Administration 13.9(b), an order of the MDL pretrial court may be reviewed by the appellate court that regularly reviews orders of the court in which the case is pending at the time review is sought, irrespective of whether the court where the case is pending issued the order or judgment to be reviewed. Tex. R. Jud. Admin 13.9(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2005). As a result of the remand order entered by the MDL pretrial court on February 23, 2006, this case is currently pending in the 345th Judicial District

4

Court of Travis County. The Petition for Writ of Mandamus seeks review of the order remanding the case from the MDL pretrial court to Travis County district court. Therefore, because this case is currently pending in Travis County district court, this Court has jurisdiction to review the February 23, 2006, order of the MDL pretrial court remanding the case for trial. *See id*.

A question arises as to the potential application of Rule of Judicial Administration 13.5(e) and whether the review of Judge Davidson's order lies exclusively with the MDL Panel. Rule 13.5(e) provides:

> (e) *Transfer of Tag-along Cases.* A tag-along case is deemed transferred to the pretrial court when a notice of transfer—in the form described in Rule 13.5(a)—is filed in both the trial court and the pretrial court. Within 30 days after service of the notice, a party to the case or to any of the related cases already transferred to the pretrial court may move the pretrial court to remand the case to the trial court *on the ground that it is not a tag-along case*. If the motion to remand is granted, the case must be returned to the trial court, and costs including attorney fees may be assessed by the pretrial court in its remand order. The order of the pretrial court may be appealed to the MDL Panel by a motion for rehearing filed with the MDL Panel Clerk.

*See id*. 13.5(e) (emphasis added).

If this case was remanded on the ground that it is not a tag-along case, then the power to review the order of remand would lie exclusively with the MDL Panel. The MDL pretrial court's order is silent as to the grounds for remand. The motion to remand was made orally and we have no record of the telephonic hearing. Our only indication of what transpired during the telephonic hearing is a statement in Relators' brief that the MDL pretrial court "indicated that it was remanding the case in part because it believed the MDL transfer was untimely under the MDL court's case management order."

5

The Real Parties in Interest do not contest this Court's jurisdiction to hear this matter pursuant to Rule 13.9(b). Neither party has argued that this case is *not* a tag-along case under the MDL rules and, therefore, subject to Rule 13.5(e). We have no record that establishes that the MDL pretrial court remanded the case on the ground that it is not a tag-along case. Indeed, the MDL pretrial court's order is titled "Order Denying Transfer Under Rule 13 of Tag-along Case" suggesting that the MDL pretrial court considered the case a tag-along case and was remanding for some other reason. In addition, it is undisputed that this matter is a personal injury case in which the claimants are asserting an asbestos-related injury. It is, therefore, "related to cases" that were transferred in the MDL Panel's initial transfer order to the asbestos MDL pretrial court. *See* Tex. R. Jud. Admin. 13.2(g), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2005). Thus, it qualifies as a "tag-along case" under the MDL rules. The MDL pretrial court did not indicate that it was granting the motion to remand on the basis that this case is not a tag-along case, *i.e.*, that it was not related to cases alleging asbestos-related personal injury. On this record, we cannot find that the case was remanded on the ground that it is not a tag-along case. Consequently, jurisdiction to hear this original proceeding derives from Rule 13.9(b) rather than Rule 13.5(e).

**Standard of Review**

Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer,* 827 S.W.2d 833, 839

6

(Tex. 1992) (orig. proceeding). We review the MDL pretrial court's order remanding this case to the Travis County trial court under an abuse of discretion standard.

**Analysis**

As an initial matter, we note that the Relators attempted to transfer this case to the MDL proceeding under subsection 90.010(b). Their notice of transfer is titled "Notice of Transfer Under Section 90.010(b)" and recites that the case is transferred "pursuant to Section 90.010(b)." However, subsection 90.010(b) does not provide a basis for transfer of this case to the MDL proceeding. Subsection 90.010(b) states, in part: "If the claimant fails to serve a report complying with Section 90.003 or 90.004 on or before the 90th day after the date this chapter becomes law *under Subsection (a)(2)*, the defendant may file a notice of transfer to the MDL pretrial court." Tex. Civ. Prac. & Rem. Code § 90.010(b) (emphasis added). By its express terms this provision applies to cases falling within the ambit of subsection (a)(2). Subsection (a)(2) applies only to actions filed before September 1, 2003. This case was filed on January 4, 2004. Subsection 90.010(b) does not apply and, therefore, can provide no basis for the transfer of this case to the MDL proceeding.

The reasoning behind this is revealed by the history of chapter 90 and the original MDL statute passed by the Legislature. Section 90.010 provides that the MDL rules apply to any action pending on the date that chapter 90 became law. Chapter 90 became law on September 1, 2005. At that time, the MDL rules already applied to cases filed after September 1, 2003, when the original MDL statute became effective. Section 90.010 expanded the application of the MDL rules to cases alleging asbestos-related injury filed prior to September 1, 2003. It also created a mechanism for these cases to be transferred to the pending asbestos MDL proceeding (with certain

7

exceptions listed in subsection (a) of section 90.010 and not relevant here). Section 90.010 does not create a mechanism for transferring asbestos cases filed after September 1, 2003. The mechanism for transferring post-September 2003 asbestos cases to the MDL proceeding already exists and is governed by the MDL rules and the MDL pretrial court's case management order. Asbestos cases filed after September 1, 2003, are transferred to the MDL proceeding or not transferred based on the procedures laid out in the MDL rules and the MDL pretrial court's case management order. Subsection 90.010(b) sets out what is to be done with cases filed *before* September 1, 2003, in which trial has not commenced before the 90th day after the chapter became law, and that do not involve a malignancy. Subsection 90.010(b) simply does not address any issue relevant to a case filed after September 1, 2003.

This interpretation is further reinforced by the fact that asbestos cases filed after September 1, 2003, had been governed for over a year by the MDL rules and Judge Davidson's case management order at the time chapter 90 became law. Under the case management order authorized by the MDL rules, asbestos defendants had deadlines by which they had to act to transfer cases to the MDL proceeding or their right to transfer would be waived. This is the situation with the Relators/Defendants in this case. If section 90.010 were intended to revive the right of these defendants to transfer their cases to the MDL proceeding, one would expect to find a provision addressing such a revival. Such a provision does not appear in section 90.010 despite the fact that the Legislature was aware of the existence of the MDL rules and Judge Davidson's case management order at the time it passed section 90.010. In light of this history, we are not persuaded that we should engraft a revival of such transfer rights onto section 90.010.

Relators point to subsection 90.010(d) as evidence that this case must remain in the MDL pretrial court until the plaintiffs serve a report that complies with section 90.003. Section 90.010(d) provides:

> (d) In an action pending on the date this chapter becomes law that is transferred to or pending in an MDL pretrial court and in which the claimant does not serve a report that complies with Section 90.003 or 90.004, the MDL pretrial court shall not dismiss the action pursuant to this chapter but shall retain jurisdiction over the action under the MDL rules. The MDL pretrial court shall not remand such action for trial unless:
>
> > (1) the claimant serves a report complying with Section 90.003 or 90.004; or
> >
> > (2) (A) the claimant does not serve a report that complies with Section 90.003 or 90.004;
> >
> > > (B) the claimant serves a report complying with Subsection (f)(1); and
> > >
> > > (C) the court, on motion and hearing, makes the findings required by Subsection (f)(2).

Tex. Civ. Prac. & Rem. Code § 90.010(d) (West Supp. 2005).

Subsection 90.010(d) does not create a right to transfer a case to an MDL proceeding. It provides that if a case pending on September 1, 2005, is transferred to or pending in an MDL proceeding, it must remain in the MDL proceeding unless certain requirements are met. The right to be transferred to or pending in an MDL proceeding has to derive from a source other than subsection 90.010(d). Relators argue that the source of the right to transfer this case comes from subsection 90.010(b). However, as we have discussed above, subsection 90.010(b) does not apply to this case.

9

Subsection 90.010(d) also does not abrogate the procedural requirements governing transfer to the MDL pretrial court under the MDL rules and Judge Davidson's case management order. Subsection (d) provides that if a case is transferred to or pending in the MDL pretrial court and the claimant has failed to serve a report, the case must stay there until the report is served or the claimant meets the requirements of subsection (f)(2). This does not abrogate the requirement that a case be transferred to the MDL proceeding in a manner that complies with the applicable MDL rules and procedures put in place by the MDL pretrial court. This includes such requirements as the timetables established by the MDL pretrial court's case management order. Otherwise, subsection (d) would stand for the proposition that cases which are plainly excepted from the application of section 90.010 and the MDL rules, such as actions filed before September 1, 2003, in which the exposed person was diagnosed with mesothelioma, would be subject to a notice to transfer to the MDL and once there could not be remanded until section 90.003 reports were served. Such an interpretation is not consistent with the structure of chapter 90 or the specific structure of section 90.010. We believe the better view is that subsections 90.010(a) and 90.010(b) address rights and procedural mechanisms for cases filed before September 1, 2003, and subsection 90.010(d) addresses the disposition of cases that have been transferred to the MDL proceeding either pursuant to 90.010(b) or pursuant to the applicable MDL rules, and that remain in the MDL pretrial court as of September 1, 2005. This case falls in neither category.

This question of interpretation arises due to the way the procedure for transferring cases to an MDL proceeding works. Under Rule of Judicial Administration 13, a transfer is accomplished by filing a notice of transfer. Much like the procedure for removal to federal court,

10

the filing of such a notice of transfer to an MDL proceeding operates to, at least initially, transfer the case to the MDL proceeding. Pursuant to Rule 13.5, a case is "deemed transferred" to the MDL pretrial court when the notice of transfer is filed. This puts the case within the jurisdiction of the MDL pretrial court subject to that court's review of the transfer and subject to any motion to remand filed by a party who objects to the transfer.[3] *See* Tex. R. Jud. Admin 13.5 and 13.7, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp. 2005). Relators argue that subsection 90.010(d)'s language to the effect that "an action pending on the date this chapter becomes law *that is transferred to . . . an MDL pretrial court*" cannot be remanded by the MDL pretrial court except under certain circumstances means that once a party has unilaterally filed a notice of transfer—i.e. "tagged" the case to the MDL proceeding—the transfer is accomplished and the MDL pretrial court can remand only if the additional requirements of subsection 90.010(d) are met. However, this is too strained a reading of subsection 90.010(d). Subsection 90.010(d) was passed by the Legislature with the backdrop of the MDL rules in place. Those rules govern how a case is to be transferred to the MDL pretrial court. Section 90.010 does not supply new rules, it relies on the application of the MDL rules. Subsection 90.010(d) must be read with the overlay of the MDL rules in mind. Thus, if a case is transferred to the MDL pretrial court or is pending in the MDL pretrial court in accordance with the MDL rules, the MDL pretrial court cannot remand such a case unless the

---

[3] This process is sometimes referred to as "tagging" because it usually concerns the transfer of "tag-along cases"—cases that fall within the subject matter of the MDL proceeding at issue—and is effective immediately upon the filing of a notice of transfer pursuant to the MDL rules.

additional requirements of subsection (d) are met. Any other reading would create plainly unintended consequences. For example, it would allow:

- defendants to "tag" cases excepted from the application of the MDL rules to the MDL pretrial court, such as pre-September 2003 mesothelioma cases, and require the MDL pretrial court to retain these cases until the subsection (d) requirements are met; or

- defendants who have waived their right to transfer a case (waited until after the MDL case management order deadline) to "tag" the case to the MDL pretrial court at any point in the litigation process, including post-verdict, and then claim the case cannot be remanded until the subsection (d) requirements are met.

We do not believe subsection 90.010(d) was intended to be read this way. Section 90.010 and all of its subsections were passed by the Legislature with the MDL rules in existence and in effect. Those rules apply to the extent they are not inconsistent with express statutory requirements. Requiring that subsection (d) be read to allow the MDL pretrial court to remand a case if the transfer of the case was not in accordance with the procedural requirements of MDL rules or the MDL pretrial court's case management order is not inconsistent with the express statutory mandate of subsection (d). The right to transfer a case is not absolute. It can be waived and it is governed by MDL procedural rules. However, once an asbestos case is transferred in accordance with the MDL rules, subsection 90.010(d) provides that, if it is a pre-September 2005 case, it must remain in the MDL pretrial court unless the requirements of subsection 90.010(d)(1) or (d)(2) are met. This case was not transferred to the MDL pretrial court in accordance with the MDL rules and the MDL pretrial court's case management order. Therefore, it was subject to remand by the MDL pretrial court.

12

Finally, we are troubled by the fact that Relators waited until the Thursday before a Monday trial setting to raise the issue of a lack of a section 90.003 report and to attempt to transfer the case to the MDL proceeding. This case was potentially transferrable to the MDL pretrial court as early as February 2005 when the Relators were aware of the existence of the case, the existence of the MDL pretrial court, and the fact that it was an asbestos personal injury case. Relators elected to forego transfer to the asbestos MDL pretrial court under the rules in place and applicable to this case in 2004. In addition, the case was set for trial in September 2005, over five months before the February 27, 2006 trial date. Chapter 90 did not create a new right of transfer to the MDL proceeding for those cases to which the MDL rules already applied, but even if it had, waiting nearly six months after chapter 90 became law, five months after the case was set for trial, and until the eve of trial before raising lack of a report as an issue or attempting to transfer the case to the MDL proceeding amounts to waiver of such a right under the circumstances of this case and as a matter of equity. There is no question that a report is required by section 90.003.[4] However, in cases filed in the two-year period between September 1, 2003, and September 1, 2005, in which the defendants have waived their right to transfer to the MDL proceeding, the remedy for a failure to serve a report lies in the sound discretion of the trial court. The remedy does not include a transfer to the MDL

---

[4] There is also no question that providing such a report in this case would have been a very easy task since the only requirement was a statement by a board-certified physician diagnosing Mr. Wallace with mesothelioma. Why this was not done is not clear from the record. However, it is clear from the record that the plaintiffs are alleging that Mr. Wallace died as a result of mesothelioma and there were physicians designated to testify to this fact. While these factors will not relieve a claimant from the obligation to serve a report that complies with chapter 90, they are relevant when there is no statutorily mandated remedy for failure to serve the required report (such as dismissal under section 90.007 or retention in the MDL pretrial court under section 90.010(d)) and the defendant does not exercise diligence in objecting to the lack of a report.

13

proceeding as a matter of right to prevent the commencement of a trial. As set out by the Legislature in its statement of the purpose of chapter 90, the chapter was intended to relieve litigants and the court system of the burden of claims by unimpaired asbestos claimants. Act of May 11, 2005, 79th Leg., R.S., ch.97, § 1, 2005 Tex. Gen. Laws 169, 169. It was not intended to be a procedural trap for claimants with mesothelioma.

**Conclusion**

We hold that section 90.010(b) does not create a right of transfer for asbestos cases filed after September 1, 2003, that is independent of the MDL rules. We also hold that section 90.010(d) does not require the MDL pretrial court to retain cases filed after September 1, 2003, that were not transferred to the MDL pretrial court in accordance with the procedures established by the MDL rules. In addition, we hold that even if section 90.010 can be interpreted to create a new right to transfer post-September 2003 cases to the MDL proceeding independent of the rules promulgated by the Supreme Court and the MDL pretrial court, the Relators in this case waived that right by failing to assert it in a more timely fashion. Accordingly, we find that the MDL pretrial court's order remanding this case to the Travis County district court was not an abuse of discretion, and we deny the Petition for Writ of Mandamus and the Motion for Emergency Relief.

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Puryear and Waldrop:  Opinion by Justice Waldrop;
    Concurring Opinion by Justice Puryear

Filed:   February 27, 2006