## In re SILICA PRODUCTS LIABILITY LITIGATION.

### No. 04–0606.

Texas Judicial Panel on Multidistrict Litigation.

Heard May 22, 2006.

Decided June 19, 2006.

## ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### *OPINION*

Justice B.A. SMITH delivered the opinion of the Multidistrict Litigation Panel including Justice PEEPLES, Justice LANG, Justice HANKS, and Judge

---

ABLES.[1]

■ John B. Lopez sued his former employer GlobalSantaFe Corporation under the Jones Act, alleging that he sustained injuries resulting from exposure to asbestos and silica present on the ship where he was employed. *See* 46 U.S.C. 688 (Supp. 2005). State and federal courts have concurrent jurisdiction over claims brought under the Jones Act. *See Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 429 (Tex. 1999). Lopez's case was filed on July 22, 2003, in the 55th Judicial District Court in Harris County.

On November 10, 2004, this MDL Panel established a pretrial court to handle silica products litigation. *See In re Silica Products Liability Litigation*, 166 S.W.3d 3, 8 (Tex. M.D.L. Panel 2004). On December 2, 2005, GlobalSantaFe filed a notice of transfer in the trial court under section 90.010(b) of the civil practices and remedies code, transferring this case to the silica pretrial court. Lopez filed a motion to remand, objecting to the transfer on the ground that the Jones Act preempted the report requirements of Chapter 90 and the MDL transfer provisions for failure to file a section 90.004 report. After a brief hearing, the pretrial court remanded Lopez's claim to the trial court. GlobalSantaFe filed a motion for rehearing of this remand order with the MDL Panel.

The Panel asked the parties to address two issues: (1) whether review of the pretrial court's order of remand properly lies with the MDL Panel under Rule 13.5(e) or with the court of appeals under Rule 13.9, and (2) whether the Jones Act preempts the reports required by Chapter 90 in asbestos- and silica-related cases, affecting the ability to transfer such a case to an MDL pretrial court for failure to timely serve such a report on defendant under section 90.010(b). Because we hold that the MDL Panel lacks jurisdiction to review the pretrial court's remand order, we dismiss GlobalSantaFe's motion for rehearing.

**Legal Framework Governing Transfer of Cases to MDL Pretrial Court**

The laws governing multidistrict litigation provide a pretrial process that will allow cases with common questions of fact to proceed efficiently toward trial. *See In re Vanderbilt Mortgage & Fin., Inc.*, 166 S.W.3d 12, 14 (Tex. M.D.L. Panel 2005). Under rule of judicial administration 13, related cases may be transferred to a single court that decides all pretrial matters. *See* Tex.R. Jud. Admin. 13.6(b).[2] Rule 13 applies to two separate types of cases:

1) civil actions that involve one or more common questions of fact and that were filed ... on or after September 1, 2003; and

2) civil actions filed before September 1, 2003, that involve claims for asbestos- or silica-related injuries, to the extent permitted by chapter 90 of the civil practice and remedies code.

*Id.* 13.1(b). Rule 13.3 establishes a procedure for parties to make a request that related cases filed on or after September 1, 2003, be transferred to a pretrial court. If the MDL Panel determines transfer is appropriate, cases are deemed transferred to the pretrial court when a notice comply-

---

**1.** Judge Steve Ables was appointed by Chief Justice Wallace Jefferson to sit for Justice Erlinda Castillo who recused herself. *See* Tex.R. Jud. Admin. 13.2 (MDL Panel includes temporary members designated by Chief Justice of the Supreme Court of Texas when regular members are unable to sit).

**2.** The rules of judicial administration have been codified in the government code. *See* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp.2005).

ing with the rules is filed with both the trial court and the pretrial court. *Id.* 13.5(a).

After the initial transfer order is issued, a party may transfer other related cases as tag-along cases.[3] Rule 13.5(e) makes it easy to transfer a tag-along case to the pretrial court by simply filing a notice complying with rule 13.5(a). *See id.* 13.5(e). The tag-along case is then automatically "deemed" transferred. *See id.* Once a tag-along case has been transferred to the pretrial court, "a party to the case or to any of the related cases already transferred to the pretrial court may move the pretrial court to remand the case to the trial court on the ground that it is not a tag-along case." *Id.* An order granting or overruling such a motion may be appealed to the MDL Panel. *Id.*

A separate rule governs the transfer to a pretrial court of claims for asbestos- or silica-related injuries that were filed before September 1, 2003.[4] *See id.* 13.11; *In re Fluor Enters., Inc.,* 186 S.W.3d 639, 644 (Tex.App.Austin 2006, orig. proceeding) (section 90.010 creates a separate mechanism for transferring cases filed before September 1, 2003 to pretrial court). In order to transfer an asbestos- or silica-related case that was filed before September 1, 2003, to an existing pretrial court, a party must file a "notice of transfer under section 90.010(b)." Tex.R. Jud. Admin. 13.11. Rule 13.11 specifies the requirements of such a notice and states that a case is deemed transferred when the notice is filed with the trial court. *See id.* 13.11(c), (e). Although the rule contains no specific procedure for objecting to the transfer, it clearly anticipates a request for remand by stating, "If the pretrial court remands the case to the trial court, the pretrial court may order that costs be allocated between the parties in a way that encourages just and efficient compliance with this rule, and may award appropriate attorney fees." *Id.* 13.11(i).

Chapter 90 of the civil practice and remedies code works in conjunction with rule 13.11. Section 90.010(a) exempts cases raising asbestos- or silica-related injuries filed before September 1, 2003, from the MDL rules if a detailed medical report is served on the defendant on or before November 30, 2005. *See* Tex. Civ. Prac. & Rem.Code Ann. 90.010(a)(2) (West Supp. 2005) (MDL rules apply unless claimant serves report complying with section 90.003 or 90.004). If a claimant fails to serve a report complying with sections 90.003 or 90.004 on or before November 30, 2005, the defendant may file a notice of transfer to the pretrial court. *See id.* 90.010(b); Tex.R. Jud. Admin. 13.11(c). If the pretrial court determines that a proper report was timely served, then the pretrial

---

3. A tag-along case is defined as "a case related to the cases in an MDL transfer order but not itself the subject of an initial MDL motion or order." Tex.R. Jud. Admin. 13.2(g). A case is "related" if it involves "one or more common questions of fact." *Id.* 13.2(f).

4. The 79th Legislature added chapter 90 to the civil practice and remedies code to address the growing number of claims involving asbestos and silica. The bill was designed to prevent "the scarce judicial and litigant resources from being misdirected by the claims of individuals who have been exposed to asbestos or silica but have no functional or physical impairment from asbestos-related or silica-related disease." Tex. Civ. Prac. & Rem.Code Ann. 90.001 historical and statutory notes [Act of 2005, 79th Leg., R.S., ch. 97, 1(n), 2005 Tex. Gen. Laws 170, 170] (West Supp.2005). To do this, the legislature adopted medically accepted standards for differentiating between claimants with impairment and those with no impairment. *See id.* Reports to be served on each defendant are required for asbestos-related claims in section 90.003 and for silica-related claims in section 90.004. *See* Tex. Civ. Prac. & Rem.Code Ann. 90.003, .004 (West Supp.2005).

court shall remand the case to the trial court. *See* Tex. Civ. Prac. & Rem.Code Ann. 90.010(b).

**Jurisdiction of MDL Panel**

GlobalSantaFe argues that the MDL Panel has jurisdiction to review the pretrial court's remand order because Lopez's case is a tag-along case transferred and remanded pursuant to rule 13.5(e). *See* Tex.R. Jud. Admin. 13.5(e) (remand on grounds that it is not a tag-along case may be appealed to MDL Panel). Lopez responds that the pretrial court did not remand his case on the ground that it is not a tag-along case, the only remand order over which this Panel has jurisdiction under 13.5(e). Lopez insists that this claim for asbestos- and silica-related injuries, filed before September 1, 2003, was transferred to the MDL pretrial court under rule 13.11.[5] Lopez further notes that rule 13.11, unlike rule 13.5(e), does not authorize the MDL Panel to review any remand order of asbestos- and silica-related claims filed before September 1, 2003.

*Two Distinct Mechanisms for Transfer*

To determine if we may hear this appeal, we must harmonize the two statutes providing for multidistrict litigation and the various sections of rule 13, as initially drafted and as amended. *See* Tex. Gov't Code Ann. 311.021(2), .025(b) (West 2005); *Lufkin v. City of Galveston*, 63 Tex. 437, 439 (1885) ("in the construction of constitutions and statutes ... the whole instrument must be taken together and the whole scheme had in view by the law-making power must be understood and carried out"); *Teacher Ret. Sys. v. Cottrell*, 583 S.W.2d 928, 935 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). We hold that the statutes and rule 13's governing procedures create two distinct mechanisms for

transferring cases to an existing pretrial court. Rule 13.5(e) provides for the transfer of tag-along cases and states, "The order of the pretrial court may be appealed to the MDL Panel by a motion for rehearing filed with the MDL Panel Clerk." *Id.* However, this rule applies only to cases filed *on or after* September 1, 2003.

A second, more specific rule was added in 2005 to permit the transfer of cases involving certain claims for asbestos- or silica-related injuries filed *before* September 1, 2003. *See id.* 13.11 (titled "Civil Actions Filed Before September 1, 2003, Involving Claims for Asbestos- and Silica Related Injuries"); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex.2000) (traditional statutory construction principle that specific statute controls over more general). Rule 13.11 addresses asbestos- and silica-related cases that by definition involve common issues of fact and sets forth a procedure for transferring these cases to the pretrial court. *See* Tex.R. Jud. Admin. 13.11. These rule 13.11 referrals to a pretrial court require the resolution of questions of law regarding the timeliness and adequacy of reports mandated by chapter 90 of the civil practice and remedies code, not questions of fact as to whether the cases are sufficiently related to be tag-along referrals under rule 13.5(e). Although the rule clearly allows for a remand of improperly transferred cases, *see id.* 13.11(i), there is no grant of authority in the rule or chapter 90 for the MDL Panel to review the remand of a rule 13.11 referral.

Thus, Rule 13 clearly creates two distinct mechanisms for transferring cases to an existing MDL pretrial court. Cases

---

**5.** In accordance with rule 13.11, GlobalSantaFe's motion was titled, "Notice of Transfer Under Section 90.010(b)."

filed on or after September 1, 2003, may be transferred as tag-along cases under rule 13.5(e) and the MDL Panel may review the pretrial court's order granting or denying a remand. Cases involving claims for asbestos- or silica-related injuries filed before September 1, 2003, may be transferred pursuant to the separate mechanism set forth in rule 13.11 and chapter 90 of the civil practices and remedies code, but the rule is silent with regard to an appeal.

*Limited Juridiction*

█ The MDL Panel has limited jurisdiction. We are not a court of appeals. Rather, we are a creature of statute and may only exercise the authority we are granted by the legislature. *Cf., Texas Nat. Res. Conservation Comm'n v. Lakeshore Util. Co., Inc.,* 164 S.W.3d 368, 377 (Tex.2005) (agency is a creature of legislature with no inherent authority). The MDL Panel is granted the authority to "transfer civil actions involving one or more common questions of fact ... for consolidated or coordinated pretrial proceedings ... but not for trial on the merits." Tex. Gov't Code Ann. 74.162 (West 2005). Moreover, section 74.163 of the government code requires the MDL Panel to operate according to the rules of practice and procedure adopted by the supreme court specifically, rule 13. *See id.* 74.163 (West 2005).

Rule 13 gives the MDL Panel express authority to consider only two matters. First, the panel may determine whether to refer several related cases to a pretrial court because they involve one or more common questions of fact, and because transfer to a specific district court will serve the convenience of the parties and witnesses, and will promote the just and efficient conduct of the cases. Tex.R. Jud. Admin. 13.3(1). Secondly, the MDL Panel may review an order by the pretrial court

remanding a case "on the grounds that it is not a tag-along case." *Id.* 13.5(e). In both instances, our authority is limited to the determination of whether the cases at issue "involve one or more common questions of fact." *See id.* 13.2(f), (g), 13.5(e).

█ Rule 13.11 involves the determination of questions of law concerning the application of chapter 90 to a particular case; the rule grants no authority to the MDL Panel to review a remand order by the pretrial court. Absent an explicit grant of authority, we lack jurisdiction to review the decision of the pretrial court. Because rule 13.11 does not give the MDL panel appellate jurisdiction, this appeal must be heard by the appropriate court of appeals as provided in rule 13.9(b):

> An order or judgment of the trial court or pretrial court may be reviewed by the appellate court that regularly reviews orders of the court in which the case is pending at the time review is sought, irrespective of whether that court issued the order or judgment to be reviewed.

*Id.* 13.9(b).

This limited approach to our jurisdiction is consistent with the recent decision by the Third Court of Appeals styled *In re Fluor Enters.,* 186 S.W.3d at 643. In that case, a defendant transferred a tag-along case to the pretrial court pursuant to rule 13.5(e) on the Thursday before a Monday trial setting. *See id.* at 647. The pretrial court remanded the case after hearing argument that the notice of transfer was not timely under the pretrial court's case management order and had been waived. *Id.* The court of appeals first considered whether it had jurisdiction to review the order. "If this case was remanded on the ground that it is not a tag-along case, then the power to review the order of remand would lie exclusively with the MDL Panel." *Id.* at 643. However, the court of appeals observed that the pretrial court remanded

the case "for some other reason," concluding that "jurisdiction to hear this original proceeding derives from rule 13.9(b) rather than rule 13.5(e)." *Id.* The MDL Panel's appellate jurisdiction is limited to reviewing pretrial court orders that grant or deny remand on the ground that a case is or is not a tag-along case. *See* Tex.R. Jud. Admin. 13.5(e); *In re Fluor Enters.*, 186 S.W.3d at 643.

As in *In re Fluor*, this remand order is based on "some other reason," namely the pretrial court's decision that the Jones Act preempts chapter 90's report requirements and the transfer provision for failure to file such reports. The issue before the pretrial court was the legal question of whether Lopez's case could be transferred for failure to file a detailed medical report in a Jones Act case, not whether there were common questions of fact qualifying this as a tag-along case. Because this case involved the distinct mechanism for transferring cases set forth in rule 13.11, and because the remand did not concern whether this was a tag-along case under rule 13.5(e), we lack jurisdiction to review the pretrial court's order.

**Conclusion**

The MDL Panel has no authority to review an order concerning the remand of a case transferred to an MDL pretrial court under section 90.010(b) and rule 13.11. Therefore, we dismiss GlobalSantaFe's motion for rehearing for want of jurisdiction.

Justice CASTILLO not sitting.