MDL No. 10-0342

IN RE TOYOTA UNINTENDED ACCELERATION LITIGATION

ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

JUSTICE BROWN delivered the opinion of the MDL Panel.

In 2010, we appointed Judge Robert Schaffer of the 152nd District Court in Harris County as the pretrial judge for the Toyota Unintended Acceleration Litigation, MDL No. 10-0342. We identified four areas where common questions of fact exist: (1) whether certain Toyota vehicles are prone to unintended acceleration; (2) the cause of the unintended acceleration; (3) whether Toyota was aware of the alleged defects relating to the unintended acceleration; and (4) whether Toyota failed to timely recall its vehicles or properly test them. *In re Toyota Unintended Accel. Litig.*, No. 10-0342, 2011 Tex. LEXIS 504, at *3 (Tex. M.D.L Panel June 30, 2011).

In 2011, Jan Krocker sued Fred Haas Motors, Ltd., in Harris County Civil Court at Law No. 2, seeking damages related to several unintended-acceleration incidents involving her 2006 Toyota Camry Solara. When Haas attempted to have Krocker's action transferred to Judge Schaffer's MDL as a tag-along case, Krocker objected. Judge Schaffer sustained the objection and remanded Krocker's claims to

the county court at law. Under Rule 13.5(e), Haas has moved for a rehearing of that ruling by this panel. *See* Tex. R. Jud. Admin. 13.5(e).

Whether we are hearing an original motion for transfer to a pretrial court under Rule 13.3, or reviewing an order by a pretrial court remanding a matter on the ground that it is not a tag-along case under Rule 13.5(e), our duty is the same: we must determine whether the cases in question involve one or more common questions of fact and whether placing them together in the same pretrial court will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1] *See* Tex. R. Jud. Admin. 13.3(l).

---

[1] Haas argues that in reviewing an order to remand under Rule 13.5(e), we are constrained to determine only whether the remanded case is related to those pending in the pretrial court. It bases this contention on language from *In re Silica Products Liability Litigation*, 216 S.W.3d 87 (Tex. M.D.L. Panel 2006), in which we say "our authority is limited to the determination of whether the cases at issue 'involve one or more common questions of fact.'" *Id.* at 91. But that language must be read in the context of the paragraph in which it resides:

> Rule 13 gives the MDL Panel express authority to consider only two matters. First, the panel may determine whether to refer several related cases to a pretrial court because they involve one or more common questions of fact, *and because transfer to a specific district court will serve the convenience of the parties and witnesses, and will promote the just and efficient conduct of the cases.* Tex. R. Jud. Admin. 13.3(l). Secondly, the MDL Panel may review an order by the pretrial court remanding a case "on the grounds that it is not a tag-along case." *Id.* 13.5(e). In both instances, our authority is limited to the determination of whether the case at issue "involve one or more common questions of fact." *See id.* 13.2(f), (g), 13.5(e).

*In re Silica*, 216 S.W.3d at 91 (emphasis added). It would make no sense to inquire into the convenience, justice, and efficiency of transferring cases to a pretrial court pursuant to a motion for transfer under Rule 13.3, but exempt tag-along cases from such an inquiry.

Haas contends that as Krocker's lawsuit raises questions of fact common to all four areas this panel identified as relevant in this MDL, we should grant its motion for rehearing and transfer the matter back to the pretrial court. [2] Because transferring the case would not further the goals of multidistrict litigation as outlined in Rule 13, we deny Haas's motion.

The thrust of Haas's argument is that Krocker's case presents factual issues common to other claims already pending in Judge Schaffer's MDL. Indeed, Krocker alleges in her original petition: (1) that she experienced unintended-accleration incidents in her Toyota Camry Solara; (2) that among the causes for that acceleration are electronic defects in Toyota vehicles; (3) that Toyota was aware of the defects; and (4) that Toyota has failed to timely remedy the problem. Haas correctly states that Krocker's allegations are very similar to those at issue in the MDL.

But to merit inclusion in the MDL, cases must do more than merely "involve one or more common questions of fact." Under Rule 13, "related" cases may be transferred to a single pretrial judge only "if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the

---

[2] Krocker contends that this panel has no jurisdiction over her case because it "was never properly removed" as a tag-along case under Rule 13. We find her arguments unpersuasive. Under Rule 13.5(e), an order to remand a tag-along case to the trial court "may be appealed to the MDL Panel by a motion for rehearing filed with the MDL Panel Clerk." Tex. R. Jud. Admin. 13.5(e).

litigation." *In re Ad Valorem Tax Litig.*, 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006); *see also In re Tex. Windstorm Ins. Ass'n Hurricanes Rita & Humberto Litig.*, 339 S.W.3d 401, 401 (Tex. M.D.L. Panel 2009); Tex. R. Jud. Admin. 13.3(a), 13.3(l). Collecting cases into a single MDL accomplishes these goals by "eliminating duplicative discovery, minimizing conflicting demands on witnesses, preventing inconsistent decisions on common issues, and reducing unnecessary travel." *In re Champion Indus. Sales, LLC*, ___ S.W.3d ___, ___, 2012 WL 5362204, at *4 (Tex. App.—Corpus Christi Oct. 29, 2012, no pet. h.).

When assigning a case to a particular MDL would not serve the goals of convenience, justice, and efficiency, it is not a proper tag-along case under Rule 13, no matter how similar its questions of fact are to those of the other cases pending in the MDL. In this instance, Krocker has not sued any of the defendants who are parties to the MDL. She has sought discovery from Haas, but not Toyota itself, or any of the other parties in the MDL. Unlike the models at issue in the MDL, Toyota has not recalled the model about which she complains, a 2006 Camry Solara, and Judge Schaffer has not included that model in any of the pretrial discovery he has authorized.

In addition, Haas has not set forth how including Krocker's case in the MDL would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. *See* Tex. R. Jud. Admin. 13.3(a), (l). Instead,

4

Haas merely contends that Krocker's claims "present issues of fact common to other cases in the MDL." But the presence of even nearly identical factual issues will not justify transfer to a pretrial judge if it cannot be shown that doing so would advance the goals of convenience, justice, and efficiency. Here, Haas has made no such showing.[3]

For the reasons stated, we deny Haas's motion for rehearing and deny its request to transfer Krocker's claims to the pretrial court.

PRESIDING JUDGE PEEPLES and CHIEF JUSTICES STONE, MCCLURE, and WRIGHT concur.

_____
Jeff Brown, Justice

OPINION DELIVERED:  January 4, 2013

---

[3] In her response to Haas's motion for rehearing, Krocker alleged several procedural deficiencies by Haas and raised other arguments that, in light of our ruling, we do not address.