```
============
```
No. 05-0738
```
============
```

IN RE KONE, INC.

```
=====================================================================
```
ON REVIEW BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
```
=====================================================================
```

JUSTICE LANG delivered the opinion of the Multidistrict Litigation Panel, in which JUSTICE PEEPLES, JUSTICE CASTILLIO, JUSTICE HANKS, and JUSTICE SMITH joined.

## I. FACTUAL CONTEXT AND CONTENTIONS

On September 9, 2005, Kone, Inc. filed its motion before this panel.[1] Tracking the language of Texas Rule of Judicial Administration 13.3(a)(2), Kone alleges that four cases pending against it in four different counties[2] involve common issues of fact and the transfer of those cases for consolidated or coordinated pretrial proceedings would be for the convenience of the parties and witnesses, and would promote the just and efficient conduct of the cases. *See* TEX. R. JUD. ADMIN. 13.3(a)(2).

In each of the four cases, the operators of a hospital sued Kone for breach of an elevator/escalator maintenance contract. CHRISTUS Health (CHRISTUS), is joined by a different affiliate as a co-plaintiff in each lawsuit. Kone advises the disputes between it and CHRISTUS began when a physician was killed in a tragic accident while he was using an elevator maintained by Kone at one of CHRISTUS's hospitals located in Houston, Texas. According to Kone, after litigation was brought by the physician's family, CHRISTUS alleged it found defects in the maintenance program for the elevators. Hence, the four pending lawsuits were filed.

Kone describes five common issues of fact and law which are involved in all of the

lawsuits:

> (1) Was there a material breach of the maintenance contract?
> (2) Did Kone's conduct harm the business reputation of the Plaintiff's Hospitals?
> (3) Did Kone's breach proximately cause a decrease in hospital census?
> (4) Can the Plaintiffs recover damages for loss of business reputation?
> (5) Can the Plaintiffs recover damages for loss of census?

Premised on these "common issues," Kone asserts that without transfer of the cases for pre-trial coordination: (1) both its witnesses and those of CHRISTUS's will be subjected to four sets of depositions; and (2) "the parties" will bear the risk of inconsistent discovery rulings and decisions on motions for summary judgment.

CHRISTUS opposes transfer contending Kone has not met its burden under Rule 13 and there will be no benefit in consolidating the lawsuits. It agrees the issues listed by Kone will generally exist in each case. However, CHRISTUS tells us the facts are "local" in each case because each hospital is a separate facility with its own elevators. Accordingly, a deposition must be taken of each fact witness to address that person's knowledge of the maintenance of the different facilities. Further, expert witness depositions must inquire into the opinions about the contractual performance at each facility and any alleged harm caused by the claimed failure of Kone to perform its maintenance obligations.

## II. DISCUSSION AND APPLICATION OF AUTHORITIES

With these contentions in mind, we turn to the authorities and their application. Texas Rule of Judicial Administration 13 provides a framework for a pretrial process that will allow cases to proceed efficiently toward trial. *See* TEX. R. JUD. ADMIN. 13; *In re Vanderbilt Mortgage and Fin., Inc.*, 166 S.W.3d 12, 14 (Tex.M.D.L. Panel March 2, 2005). We have noted before that "[Rule 13] does not require proof that witnesses have already been inconvenienced; it looks ahead and focuses on whether transferring cases to a pretrial judge would serve the convenience

of parties and witnesses by preventing inconvenience in the future." *In re Silica Prod. Liab. Litig.*, 166 S.W.3d 3, 5 (Tex.M.D.L. Panel Nov. 10, 2004). Additionally, we have observed:

> One virtue of transferring related cases to a single pretrial judge is that issues, once raised, will be decided the same way. A consistent and steady judicial hand at the helm should in fact promote agreements because lawyers will know where the court stands on recurring issues. As contested issues arise, the pretrial judge will make consistent rulings, which then can be reviewed by the appellate courts as appropriate. This, we think, serves Rule 13's goal that our system give related cases consistent and efficient treatment.

*Id*. at 6.

The benefits of a Rule 13 transfer cannot be attained in this case because the record before us shows no common fact issues, much less, recurring issues to be decided. Kone demonstrated only common ultimate issues. However, CHRISTUS shed light upon the "local" nature of these issues. The facts are substantially individual as they relate to each hospital facility. Kone has not given us any information to the contrary. For instance, we have not been shown how the facts discovered from witnesses on the issue of breach of contract and damages in the Harris County case will have any relation to or bearing on the ultimate issues in the Bowie, Cameron, and Nueces County cases. We cannot agree with Kone on the contention that multiplicity of depositions can be avoided by transfer.

As to Kone's contention that without transfer, the parties will bear the risk of inconsistent rulings on discovery issues and summary judgment, we are likewise unable to agree. Kone has not provided us with any examples of what discovery rulings would be common to all cases or how decisions on one summary judgment motion in one case would bear on any other. We will not speculate as to what issues must be decided consistently or how a pretrial judge can address the cases to promote uniformity of decisions. *See In re Vanderbilt Mortgage and Fin., Inc.*, 166 S.W.3d at 15.

### III.  CONCLUSION

We conclude Kone has not met its burden under Texas Rule of Judicial Administration 13.  Additionally, we conclude the transfer of these cases will not serve the convenience of the parties and the witnesses, nor will it promote the just and efficient conduct of these cases. Kone's motion to transfer is denied.

Douglas S. Lang, Justice

Opinion Delivered: October 26, 2005.

---

[1]  Rule 13.3(j) provides in part, "The MDL Panel will accept as true facts stated in a motion, response, or reply unless another party contradicts them."  TEX. R. JUD. ADMIN. 13.3(j), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (Vernon 2005).

[2]  (1) *CHRISTUS Health and CHRISTUS Health ARK-LA-TEX v. KONE, Inc.*, No. 05C1195-005 (5th Dist. Ct., Bowie County, Tex.); (2) *CHRISTUS Health and CHRISTUS Health Gulf Coast v. Kone, Inc.*, No. 2005-49255 (127th Dist. Ct., Harris County., Tex.); (3) *CHRISTUS Health and CHRISTUS Santa Rosa Health Care v. Kone, Inc.*, No. 2005-08-3993G (404th Dist. Ct., Cameron County, Tex.); and (4) *CHRISTUS Health and CHRISTUS Spohn HealthSystem Corp. v. Kone, Inc.*, No. 05-03843-D (105th Dist. Ct., Nueces County, Tex.).