**In re DAIMLERCHRYSLER AG CLK430 LITIGATION.**

**No.  06–0073.**

Texas Judicial Panel on Multidistrict Litigation.

March 22, 2006.

ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

Justice SMITH delivered the opinion for a unanimous Multidistrict Litigation Panel.

The Plaintiffs have filed a motion to appoint a pretrial judge for three alleged design defect cases filed in three different counties; it is anticipated that similar cases will be filed in other counties.   In Case No. 05–0694, this Panel denied without prejudice Defendant Mercedes–Benz

USA, LLC's motion to grant pretrial consolidation in these cases because the motion was premature at that time. Now we have before us the Plaintiffs' timely motion to consolidate the same cases, which Defendants do not oppose. We grant the motion without an oral hearing. *See* Tex.R. Jud. Admin. 13.3(k), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West Supp.2005); *In Re Hurricane Rita Evacuation Bus Fire,* No. 05–1073, March 6, 2006.

The related cases sought to be consolidated are *Albert, et al. v. DaimlerChrysler AG, et al.,* pending in the 165th Judicial District Court in Harris County; *Anchia et al. v. DaimlerChrysler AG, et al.,* pending in the 17th Judicial District Court in Tarrant County, and *Baldry, et al v. DaimlerChrysler AG, et al.,* pending in the 126th Judicial District Court in Travis County. The cases are all brought by purchasers or lessees of Mercedes–Benz models CLK430 who allege a design defect in the low clearance and construction of the front end of the cars for model years 2000–2003. They further allege that defendants knew of the defect and failed to disclose it, causing the plaintiffs to purchase a defective car worth less than the value paid.

The Panel finds that these cases involve common factual issues and that their consolidation will serve the convenience of the parties and witnesses, and will promote the just and efficient conduct of the actions. *See* Tex. Gov't Code Ann. § 74.162 (West 2005). Both sides agree that transfer to a pretrial judge would promote Rule 13's goals of convenience and efficiency. We grant the motion to transfer to a pretrial judge in Dallas County, who will have jurisdiction to decide any pending special appearance pleas filed by DaimlerChrysler AG in the *Albert* and *Anchia* cases, and all other pretrial matters. Other similar cases filed subsequently in other Texas counties are subject to referral as tag-along cases. A pretrial judge has been appointed by separate order.