==============
=

MDL 06-1111

==============
=

In re  Custom Masonry Corporation

===========================================

On Review By The Multdistrict Litigation Panel

===========================================

Justice McClure
 delivered the opinion for the unianimous MDL Panel.

Custom Masonry filed its motion before this panel on December 21, 2006, alleging that two cases pending in Bell and Smith Counties involve a common issue of fact arising from the construction of the Engineering, Sciences and Technology Building at the University of Texas at Tyler.  Custom frames the common issue of fact as whether Respondent 
SKANSKA, the original contractor, was justified in failing to pay Custom for its work as the masonry subcontractor on the project.  Despite the common fact issue, however, Custom candidly admits that the lawsuits involve different parties and different underlying causes of action.  SKANSKA, as the general contractor for the construction project, furnished a Government Code Payment Bond.  SKANSKA filed suit in Bell County against Custom and its performance bond surety for breach of contract and a claim on the bond.  Custom filed suit in Smith County to recover under the Government Code Payment Bond against the sureties and against SKANSKA as principal.  While Custom and SKANSKA are parties to both suits, the surety companies differ.  It appears to us, however, that the common issue as described by Custom is actually the ultimate issue to be tried.  Even if the cases were transferred for pretrial, the common/ultimate issue will not be tried in the pretrial court.  Instead, the case will be transferred back to the original court for trial after pretrial matters are completed.

Custom also alleges that there are a substantial number of witnesses located at the site of the construction project in Smith County.  It maintains that a transfer for joint administration will promote the just and efficient conduct of the cases due to the common question of fact.  In support of this contention, it states in the most general terms that transferring both cases to a single pretrial court “would be efficient for all parties and witnesses because of the common question of fact identified above, and the need for a single Court to handle the discovery proceedings.”  

In response, SKANSKA advises us that the Respondents have offered that discovery in either the Bell County suit or the Smith County suit can be used in the other proceeding to avoid duplication.  Respondents have also offered to enter into a scheduling order whereby pretrial matters in both cases – such as discovery deadlines and expert witness designations – would be controlled by the Bell County court to avoid inconsistent rulings.   Custom has rejected these offers.  

On this record, we are hard pressed to conclude that Custom has demonstrated a reasonable likelihood of difficulties in the pretrial processing of these cases.  
In re Vanderbilt Mortgage and Fin., Inc.
, 166 S.W,.3d 12, 15 (Tex.M.D.L. Panel March 2, 2005).  And as the panel has previously noted, one virtue of transferring related cases to a single pretrial judge is that issues, once raised, will be decided the same way.  
In re Kone, Inc.
, ___ S.W.3d ___, 2005 WL 2840329 *2 (Tex.M.D.L. Panel Oct. 26, 2005).  Inasmuch as the Respondents have offered a similar remedy, a transfer pursuant to Rule13 “will not serve the convenience of the parties and the witnesses, nor will it promote the just and efficient conduct of these cases.”  
Id.  
Consequently, we deny the motion to transfer.  We express no opinion as to whether an MDL pretrial judge is available in situations like those presented in 
Wyatt v. Shaw Plumbing, Co.
, 760 S.W.2d 245 (Tex. 1988); 
Curtis v. Gibbs 
, 511 S.W.2d 263 (Tex. 1974); 
V.D. Anderson Co. v. Young, 
128 Tex. 631, 101 S.W.2d 798 (1937); and 
Cleveland v. Ward
, 116 Tex. 1, 285 S.W. 1063, 1070 (1926), in which two cases involving the same transaction or occurrence are filed in different courts and there is a dispute a about whether the second court should abate its case while the first-filed case proceeds. 

____________________________________

Ann Crawford McClure, Justice

OPINION DELIVERED:
 February 7, 2007