No. 06-1010

 In re Steven E. Looper, Individually, et al.

 On Review By The Multidistrict Litigation Panel

JUSTICE HANKS delivered the opinion of the unanimous MDL panel.
 This motion for the transfer of related cases to a single pretrial court arises from a dispute
over oil and gas leases in North Texas. Plaintiffs, Natural Gas Associated Services (“NGAS”) and
Jason Dvorin (“Dvorin”) (collectively “Plaintiffs”), sued defendants in four separate lawsuits in
Palo Pinto, Tarrant, Parker, and Johnson Counties. The suits alleged wrongful conduct in the
assignment of overriding royalty interests on the oil and gas leases and the payment of the leases.
The pleadings reflect that central to the resolution of these lawsuits is the interpretation of the
obligations under two agreements -- (1) between NGAS and Defendant Llano Royalty Corporation and (2)
between NGAS, Dvorin, and the landmen defendants.
 Movants, defendants in the four lawsuits, have filed a motion requesting that the panel assign
one judge to handle the pretrial phase of the lawsuits, and Plaintiffs oppose the motion. Rule 13
authorizes this MDL panel to transfer “related” cases from different trial courts to a single
pretrial judge if the transfer will (1) serve the convenience of the parties and witnesses and (2)
promote the just and efficient conduct of litigation. For the reasons stated more fully below, we
grant the motion and appoint a pretrial judge.

I. Are the Cases related?
 Under Rule 13.2(f), cases are “related” if they involve “one or more common questions of fact.”
 See Tex. R. Jud. Admin. 13.2 (f); Tex. Gov’t Code Ann. § 74.162. All four Plaintiffs’ lawsuits
are related under Rule 13.2. In each one of the four lawsuits, with minor exceptions, Plaintiffs
have alleged the exact same factual background to support identical causes of action against the
defendants and seek identical damages and equitable remedies.
 Nevertheless, Plaintiffs, relying on our opinion in In re Kone,Inc. __ S.W. 3d __ 2005 WL
2840329, No. 05-0738 (Tex. M.D.L. Panel Oct. 26, 2005) argue that, because the agreements were
performed in four different counties, and the factual testimony regarding their performance will be
different in each county, the lawsuits are unrelated. We disagree. In this case, unlike in Kone, the
movants have shown that, based on the near identical nature of the detailed factual pleadings, the
factual testimony regarding the performance of the contracts will be the same in all four counties
and not substantially individual or local in nature as the testimony was shown to be in Kone.

II. Would transfer further convenience and efficiency?
 Transfer of the cases to a single pretrial court in Tarrant County would be convenient to both
the parties and lawyers in this case. The majority of the parties reside in, are subject to be
noticed for deposition in, or are located in Tarrant County, Texas. Only one defendant neither
resides nor conducts business in Tarrant County.
 Plaintiffs argue that assigning a single pretrial court would be inconvenient for numerous
witnesses living outside the county where the pretrial court is located. Plaintiffs assert that
these witnesses will need to be deposed concerning individual leases in each of the four counties.
However, Plaintiffs do not offer any evidence as to why these witnesses, as non-parties, would ever
be compelled to travel to the pretrial court or leave their respective counties to be deposed.
Further, Plaintiffs fail to show how the handling of discovery disputes by a single pretrial court
would inconvenience the witnesses. To the contrary, coordinated discovery schedules and consistent
rulings on discovery matters by one court would be convenient for both the parties and non-party
witnesses alike.
 Transfer of the four cases to a single pretrial court would also promote the just and efficient
resolution of the cases. Here, as a result of the nearly identical pleadings and common issues of
fact, the discovery necessary to litigate each one of the four suits will largely be identical. To
date, Plaintiffs have served four sets of identical discovery to the defendants in all four suits
and there have been motions to compel discovery filed in several of the suits.
 Coordination of this discovery by a pretrial court will greatly reduce the time and expense
associated with discovery in these cases because, among other things, consolidated proceedings will
prevent the needless duplication of written and deposition discovery and also ensure that identical
pretrial issues, including discovery disputes, are resolved in a consistent manner among the cases.
As we have held, one virtue of transferring related cases to a single pretrial judge is that issues,
once raised, will be decided the same way in the future. “A consistent and steady judicial hand at
the helm should in fact promote agreements because lawyers will know where the court stands on
recurring issues. As contested issues arise, the pretrial judge will make consistent rulings, which
can then be reviewed by the appellate courts as appropriate. This serves Rule 13’s goal that our
system give related cases consistent and efficient treatment.” In re Silica Products Liability
Litigation, 166 S.W. 3d 3, 5 (Tex. M.D.L. Panel Nov. 10, 2004)
 For the reasons stated above, we conclude that Movants have shown that the cases are related
within the meaning of Rule 13 and that transferring them to one pretrial court would serve the
convenience of the parties and witnesses. Accordingly, the motion is granted.

 ___________________________________
 George C. Hanks, Justice

OPINION DELIVERED: April 10, 2007