ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL
Rule 13 authorizes this MDL panel to transfer "related" cases from different trial courts to a single pretrial judge if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation. See TEX. R. JUD. ADMIN . 13.3. Several companies in the Valero corporate family (Valero) have asked the panel to assign one judge to handle the pretrial phase of numerous ad valorem tax suits. Valero has challenged the valuation of its refineries, pipelines, terminals, and convenience stores by forty-two different appraisal districts. It has filed 150 lawsuits in forty-two counties; the cases are pending in eighty-five district courts.[1] In these cases, Valero asserts that its properties have been appraised above market value and unequally with respect to comparable properties. The properties include land and improvements, inventory, furniture, fixtures, and equipment. Most of the districts have filed responses objecting to Valero's motion and contesting its factual assertions; no district has agreed with Valero's assertions or with its request for a pretrial judge.
For the reasons stated more fully below, we deny Valero's motion and decline to appoint a pretrial judge because it has not shown that these cases are related or that it would serve the convenience of the litigants, witnesses, or lawyers to have the pretrial issues heard by one judge.
I. Are the cases related?
Under rule 13.2(f), cases are "related" if they involve "one or more common questions of fact." See TEX. R. JUD. ADMIN . 13.2(f); TEX. GOV'T CODE § 74.162 (West 2005). Valero makes three principal arguments to support its contention that these eighty-five cases are "related" within the meaning of rule 13. First, it argues that the appraisal districts have used a mass appraisal process that does not independently appraise the properties and "does not take into account all relevant factors and indicators of market value." Second, it argues that the items of property being appraised are common and of the same kind and therefore should be valued uniformly. Third, it argues that all these cases involve the same provisions of the tax code, which should be applied and interpreted uniformly across the state. We consider each of these arguments in turn.
The legitimacy of a mass appraisal process, in which the appraiser does not examine the details of each and every individual property,[2] is not the issue before us. Our inquiry is whether use of a mass appraisal process by many districts links these cases for MDL purposes. We think it does not, because use of a mass appraisal process does not present a "common *Page 85 
question of fact," which rule 13 plainly requires. Nor has Valero shown that any district court will use a mass appraisal process in these trials de novo.[3] If Valero has complaints about a mass appraisal process and considers it unlawful, it should make that argument to the trial courts and, if it is unsuccessful there, take the matter to the appellate courts. In any event, whatever kind of appraisal method is ultimately used, the degree of attention given to local characteristics of individual properties will be decided county-by-county by each trial court.
Concerning the similarity, or commonness, of the properties in these forty-two different counties, we do not accept the suggestion that the real property and improvements situated in different counties are necessarily similar. It is no doubt true that the inventory at some convenience stores, in contrast to the realty, may have a somewhat uniform value in different parts of the state, but we think that does not convert these cases into related cases. The valuation of property, certainly the major kinds of property at issue here, is an inherently individualized and local process. Valero admits this, as it must, when it says "the determination of each individual Property's appraised value ultimately will turn on the characteristics specific to that Property."[4] Indeed section23.01 of the tax code itself mandates that property be appraised at its market value and that "each property shall be appraised based upon the individual characteristics that affect the property's market value." Tex. Tax Code § 23.01 (West 2002). Valero has simply not shown how the appraisal of different properties in different parts of Texas will involve common questions of fact. Indeed, the individualized fact inquiries in these appraisal cases preponderate over whatever common issues there may be. Because property valuation is such an individualized and local inquiry, and because it is the core issue in each of these cases, we respectfully reject the argument that these cases involve one or more common fact questions within the meaning of rule 13.
Finally, Valero argues that the legal principles governing these appraisals should be uniform throughout the state. The code provisions involved in these cases, it says, will be the same and should be interpreted and applied uniformly. And the cases will also involve "the same evidentiary and procedural issues." All this may be true, but assuring that legal principles are uniform throughout the state is a task that our system commits to the appellate courts. Rule 13 does not purport to strive for uniformity of law; it is, after all, limited to cases involving common *Page 86 
questions of fact. We are confident that our time-tested system — in which trial courts apply statutes and case law, subject to review by a layer of appellate courts whose decisions are subject to supreme court review — will ensure that our state enjoys a uniform body of law under the tax code.
We hold that the appraisal cases at issue in this proceeding are not "related" within the meaning of rule 13.
II. Would transfer further convenience and efficiency?
Valero argues that it would serve the goals of convenience and efficiency to transfer the cases to one pretrial court because some witnesses might have to sit for multiple depositions and also might be subjected to inconsistentDaubert-Robinson[5] rulings. We have previously held that a party seeking a pretrial MDL court need not show that parties or witnesses have already been inconvenienced.[6] But that holding does not mean that it is sufficient to make the bare assertion that witnesses might be inconvenienced. The circumstances of the litigation must at least make the assertion plausible. Valero has not shown that any witnesses except its own corporate witnesses may be exposed to multiple demands. Appraisal district personnel and their witnesses, however, will clearly be inconvenienced if they must travel to one central court for pretrial matters instead of to their forty-two local courthouses or to nearby conference rooms. Several of the districts are located in smaller counties, and the amount of tax revenue in their cases is small; to them there is a great difference between pretrial hearings in their own county and hearings in a distant central county for all these cases. Attorneys for the districts often will not know whether a pretrial hearing will implicate their interests, and they will therefore have to attend the distant hearing or risk being bound by the result. On balance, any inconvenience to Valero's witnesses pales in comparison to the potential inconvenience to the local officials, their appraisal personnel, and their attorneys.
Valero argues that the forty-two (or more)[7] different judges exercising their discretion differently may produce conflicting Daubert-Robinson rulings, even though the same witnesses and the same issues are involved. This is certainly a possibility, and if it happens we would agree that rule 13's goals would be implicated. But on these facts that prospect is too remote and implausible to override the overwhelmingly local nature of these cases.
We hold that Valero has not shown that consolidating these cases before one judge for pretrial proceedings would serve the convenience of the parties and witnesses.
 * * * * * * *Page 87 
For the reasons stated,[8] we conclude that Valero has not shown that the cases are related within the meaning of rule 13 or that transferring them to one pretrial court would serve the convenience of the parties and witnesses. Rule 13 requires both showings. The motion is therefore denied.
[1] In some of the larger counties there are several suits dealing with different properties and different tax years.
[2] For a discussion of mass appraisal procedures, seeHaney v. Cooke County Tax Appraisal Dist.,782 S.W.2d 349, 351-52 (Tex.App.-Ft.Worth 1989, no writ).
[3] Section 42.23 of the tax code grants a dissatisfied owner an appeal de novo to the district court. See Tex. Tax Code § 42.23 (West Supp. 2005).
[4] In this sense, property appraisal is unlike the design, manufacture, and marketing of automobile tires and products containing asbestos and silica, which have been involved in some of our previous MDL proceedings. See In re Firestone/FordLitigation, 166 S.W.3d 2 (Tex. Jud. MDL Panel 2004) (tires); In re Silica Products Liability Litigation,166 S.W.3d 3 (Tex. Jud. MDL Panel 2004) (silica); UnionCarbide v. Adams, 166 S.W.3d 1 (Tex.Jud. MDL Panel 2003) (asbestos). Valero's case also differs from these earlier cases in that the MDL movant is Valero, which has filed eighty-five lawsuits against forty-two local appraisal boards concerning property situated in forty-two counties. We realize that Valero had no choice about bringing suit in the counties where the property is located. Nevertheless, as the plaintiff in forty-two different venues, Valero is not in the same situation as were the tire, silica, and asbestos defendants who sought MDL treatment when they were sued by multiple plaintiffs in multiple counties.
[5] See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); E.I. duPont de Nemours Co., Inc. v. Robinson, 923 S.W.2d 549
(Tex. 1995).
[6] In In re Silica Products Liability Litigation
we said: "Respondents point out that the movants have not shown that witnesses or parties have already been inconvenienced, either by having to respond to conflicting demands or otherwise. In effect respondents argue that Rule 13 requires the movants to show, that there is an existing problem that needs to be corrected. But Rule 13 is not limited to correcting ongoing problems from the past; it seeks to prevent the occurrence of problems in the future. It does not require proof that witnesses have already been inconvenienced; it looks ahead and focuses on whether transferring cases to a pretrial judge would serve the convenience of parties and witnesses by preventing inconvenience in the future." 166 S.W.3d at 5.
[7] As mentioned, there are 150 Valero cases pending before eighty-five district courts in forty-two counties. At this point it is not clear how many of these will be consolidated before one judge per county pursuant to local procedures.
[8] We also note that if these cases are entitled to an MDL pretrial judge, the MDL procedures would be available to other statewide and nationwide property owners too numerous to list, who could assert that one judge should handle the pretrial portion of their tax valuation cases. We are confident that the Legislature did not intend for MDL procedures to put to this use, and this conclusion is confirmed by the language of the statute and rule.