```
===============
```
## MDL No. 09-0408
```
===============
```

IN RE DIGITEK® LITIGATION

```
=====================================================
```
ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL
```
=====================================================
```

PRESIDING JUDGE PEEPLES delivered the opinion of the MDL Panel.

Seven defendants have asked the panel to assign a pretrial judge to nineteen drug liability cases pending in twelve counties.[1] Plaintiffs allege that the defendants improperly manufactured Digitek tablets that delivered an excessive dosage and caused toxicity-related injuries. Digitek is a generic prescription drug that is used to treat certain abnormal heart rhythms and other problems.

Rule 13 authorizes us to transfer "related" cases from different trial courts to a single pretrial judge "if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *See In re Ad Valorem Tax Litig.,* 216 S.W.3d 83, 84 (Tex. M.D.L. Panel 2006); TEX. R. JUD. ADMIN. 13.2(f), 13.3(a), 13.3(*l*). Defendants argue that the cases are related because they involve the same drug, the same production process, and the same nationwide recall. These assertions are not disputed. We conclude that these cases are related in much the same way that other product liability cases have been related. *See, e.g., In re Ford Motor Co. Speed Control Deactivation Switch Litig.*, 285

---

[1] The defendants are: Actavis, Inc., Actavis Totowa LLC, Actavis Elizabeth LLC, Mylan Bertek Pharmaceuticals, Inc., Mylan Pharmaceuticals, Inc., Mylan, Inc., and UDL Laboratories, Inc. The counties are: Bowie, Brooks, Cameron, Chambers, Hardin, Harris, Jefferson, Newton, Orange, Taylor, Tyler, and Wise. At the time of filing there were 447 Digitek cases in the United States; 289 of these cases were transferred to a federal MDL proceeding, and 117 were pending in state MDL courts in Pennsylvania, New Jersey, and West Virginia.

S.W.3d 185 (Tex. M.D.L. Panel 2008); *In re Vioxx,* No. 05-0436 (Tex. M.D.L. Panel, Aug. 25, 2005); *In re Firestone/Ford Litig.*, 166 S.W.3d 2 (Tex. M.D.L. Panel 2004). Like the *Ford, Vioxx,* and *Firestone/ Ford* cases, these Digitek cases are related because they involve the same product, even though in individual cases the issues of causation and damages will differ.[2]

Relatedness alone does not justify an MDL transfer. We order transfer of related cases to a pretrial court only if transfer will serve the goals of convenience, efficiency, and justice. Rule 13 aims to further these goals by: (1) eliminating duplicative and repetitive discovery, (2) minimizing conflicting demands on witnesses, (3) preventing inconsistent decisions on common issues, (4) and reducing unnecessary travel. *See In re Deep South Crane & Rigging Co.,* 2008 WL 5784600, at *2 (Tex. M.D.L. Panel 2008) (duplicative discovery, inconsistent rulings, and costly travel); *In re Hurricane Rita Bus Evacuation Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006) (conflicting demands and repetitive discovery); *In re Silica Prods. Liab. Litig.,* 166 S.W.3d 3, 5 (Tex. M.D.L. Panel 2004) ("it is more convenient for witnesses and parties . . . to litigate in one pretrial court instead of several" and be subject to "one consistent set of orders instead of many").[3]

Assessing the motion in light of these MDL goals, we note that assigning a pretrial judge will help eliminate duplicative discovery, minimize conflicting demands on witnesses, and prevent inconsistent decisions. When multiple lawsuits contend that a drug or other product was defective, there will be common liability issues at the core of each case. As disputes arise

---

2 We accept the uncontested assertion by some plaintiffs that they consumed different dosages and have different medical histories and outcomes.

3 These goals are similar to the goals of the federal MDL system: to "avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *See* 15 CHARLES A. WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE § 3863, at 175 (2d ed. Supp. 2003).

concerning discovery, expert witnesses, witness scheduling, legal sufficiency of claims and defenses, and other pretrial matters, it makes sense for the same questions to be answered the same way. Rule 13 rests on the premise that a legal system should not give different answers to a question, or allow repetitive discovery, or subject witnesses or lawyers to conflicting demands, simply because the cases are pending before different judges in different parts of the state. While none of this has happened already in these newly-filed cases, "Rule 13 seeks to prevent the occurrence of problems in the future and is not limited to correcting ongoing problems from the past." *In re Ocwen Loan Servicing LLC Litig.,* 2007 WL 6196192, at \*2 (Tex. M.D.L. Panel 2007).

We recognize that assignment of these cases to one pretrial court will make it difficult for some lawyers to attend hearings in person. Fourteen cases are pending in seven southeastern counties from Houston to points east (Chambers, Hardin, Harris, Jefferson, Newton, Orange, and Tyler Counties). Three are pending in north Texas (Taylor, Wise, and Bowie Counties), with two others at the southern tip of the state (Cameron and Brooks Counties). While parties and witnesses seldom need to attend pretrial hearings in person, for some of the lawyers it will be inconvenient to represent their clients face to face before a pretrial judge from a remote county. We are confident, however, that lawyers whose offices are far removed from the pretrial court will be able to participate, upon request, by telephone and other electronic means. *See, e.g., Gulf Coast Inv. Corp. v. Nasa 1 Business Center*, 754 S.W.2d 152 (Tex. 1988) (trial courts have considerable discretion to let lawyers participate in hearings by telephone).[4]

Apart from issues of travel and distance, two of the defendant doctors argue that the common issues concerning Digitek are insignificant when compared to the case-specific issues in their litigation. This may be true. But the common issues need not outweigh the case-specific ones. *See In re Texas Windstorm Ins. Ass'n Hurricanes Rita and Humberto Litig.,* 2009 WL 888054, at *3 (Tex. M.D.L. Panel 2009); *In re Silica Prods. Liab. Litig.,* 166 S.W.3d at 6. The pretrial judge will of course be available to decide their individual pretrial disputes; and they will be able to appear before him through the electronic media that are being used daily in courts everywhere. But if we did not transfer their case with the others, the common issues involving Digitek would be subject to the repetitive discovery and conflicting demands and orders that Rule 13 aims to prevent.

For all these reasons, we conclude that the motion to transfer should be granted. The request for a certain judge, however, is denied. As we have recently said, we consider it improper for a motion to seek transfer to a certain court or county, as this motion and several others have done. *See In re Petroleum Wholesale Litig.,* 2009 WL 887988 (Tex. M.D.L. Panel 2009) (stating that the panel does not favor requests for a particular judge or county, which give the appearance that the movant is forum-shopping). Such express requests are improper because

---

4 Pretrial judges are expected to be sensitive to the problems that face lawyers far removed from their courtrooms. As we said in *In re Cano Petroleum, Inc.*, 283 S.W.3d 179, 183-84 (Tex. M.D.L. Panel 2008):

> Plaintiffs are concerned that if a pretrial judge is assigned they will have to attend hearings and depositions on matters that may be of minimal importance to them. Not knowing in advance whether their interests will be implicated, they may have to err on the side of caution and attend, wasting attorney time and increasing costs. We are confident that the pretrial judge, upon request, will address these concerns. . . .The court could order that parties with cases in only one county need not participate in specified localized discovery in other counties. And the court could allow any lawyer who thinks his client will not be interested in a deposition to e-mail the lawyer who noticed the deposition and seek assurances about the scope of the questioning; the court could grant the right to re-depose the witness if the assurances were not accurate or something unexpected occurred. These suggestions are illustrative only; lawyers should be creative in asking for efficiency-seeking relief that is tailored to the situation. The pretrial judge has ample discretion to fashion such relief.

Rule 13 is not meant to be a venue-changing or judge-selecting procedure. By its terms, the MDL procedure simply gives our system a tool for promoting convenience to witnesses and parties along with judicial efficiency. These are sensible goals for a legal system. Although the inevitable *result* of an MDL order is to change the pretrial judge in most of the cases, that is not the rule's purpose.

For the reasons stated, the motion to transfer is granted. By separate order, the cases have been transferred to a pretrial judge.

JUSTICES STONE, MCCLURE, WRIGHT, and BROWN concur.

_____
David Peeples, Presiding Judge

**OPINION DELIVERED**: August 5, 2009

5