No. 09-1076

# IN RE AUER CORPORATION AND RAYMOND TEAGUE

## ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

JUSTICE STONE delivered the opinion for a unanimous Multidistrict Litigation Panel.

Auer Corporation and Raymond Teague have filed a joint motion asking this panel to transfer 34 lawsuits pending in 11 different counties throughout Texas to a single pretrial court for coordinated pretrial proceedings. For the reasons stated below, we deny the motion.

## PROCEDURAL BACKGROUND

Auer entered into contracts to construct seven hotels in seven different west Texas towns with six different companies owned by Harish Patel.[1] Teague is the president of Auer and an investor in several of the hotels.

After Auer completed two of the hotels, a dispute arose between Auer, Teague, Patel's companies, and Patel, and both sides filed multiple lawsuits against each other. In addition to contractual claims, the lawsuits also include claims for fraud, breach of fiduciary duty, libel, and conspiracy. Several of the lawsuits between these parties were transferred and all are pending in Montgomery County, Texas, with one exception. Subsequently, several of the subcontractors involved in the various hotel construction projects filed 30 additional lawsuits in ten different counties against Auer, Teague, and Patel's companies, in various combinations, to collect money owed to them. Auer and Teague filed a motion to transfer all of the pending lawsuits to a single pretrial court.

---

[1]The seven towns include Snyder, Stanton, Decatur, Perryton, Wheeler, Childress, and Borger.

**DISCUSSION**

This panel is authorized to transfer related cases that involve one or more common questions of fact to a single pretrial judge if the transfer will: (1) serve the convenience of the parties and witnesses; and (2) promote the just and efficient conduct of the litigation. TEX. GOV'T CODE ANN. § 74.162 (Vernon 2005); TEX. R. JUD. ADMIN. 13.3(*l*), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon Supp. 2009).

**A.    Are the cases related?**

Under Rule 13.2(f), cases are "related" if they involve "one or more common questions of fact." TEX. R. JUD. ADMIN. 13.2(f). Auer and Teague contend the pending lawsuits all involve the question of "what do the hotel owners owe those who built the hotels?" Although the lawsuits all admittedly arise out of the construction of hotels owned by the Patel companies, each of the claims by the subcontractors involve individualized fact inquiries relating to the materials or services provided for a particular hotel project and the amount owing for those materials and services. Many of the subcontractors likely provided materials or services only for one of the seven hotel projects. For example, Hufcor, Inc., which filed a lawsuit pending in Childress County, Texas, supplied wooden door panels only for the hotel project in Childress, Texas. Similarly, Borger Redi-Mix Concrete Co., Inc., which filed a lawsuit pending in Hutchinson County, Texas, supplied concrete only for the hotel project in Borger, Texas. Finally, Leo Concrete, LLC, which filed a lawsuit pending in Ochiltree County, Texas, furnished concrete construction and labor materials only for the hotel project in Perryton, Texas. Because the individual fact inquiries in the subcontractors' cases preponderate over whatever common issues there may be, we disagree that the lawsuits at issue in this

proceeding are "related" within the meaning of Rule 13. *See In re Ad Valorem Tax Litigation*, 216 S.W.3d 83, 85-86 (Tex. Jud. Pan. Mult. Lit. 2006).

### B. Would transfer further convenience and efficiency?

Even if Auer and Teague could establish that the lawsuits are in fact related, we would nevertheless deny the motion because the transfer would not further convenience and efficiency. As previously noted, many of the subcontractors' claims arise from a single hotel project and the amount in controversy is small. For example, Hufcor's claim is for $32,924.55, Borger Redi-Mix's claim is for $38,222,00, and Leo Concrete's claim is for $35,338.00. These parties and their attorneys would "clearly be inconvenienced if they [were required to] travel to one central court for pretrial matters instead of to their [ten] local courthouses or to nearby conference rooms." *Id*. at 86.

In addition, if the thirty lawsuits by the subcontractors were transferred to one pre-trial court, subcontractors that were involved in only a single hotel project would become embroiled in hearings and discovery related to six other hotel projects in which they have no involvement. Instead of decreasing their litigation expense, the cost incurred by the subcontactors in their efforts to collect the relatively small amounts owed to them would significantly increase. "[T]o them there is a great difference between pretrial hearings in their own county and hearings in a distant central county for all these cases."[2] *Id*. "Attorneys for the [subcontractors] often [would] not know whether a pretrial hearing [would] implicate their interests, and they [would] therefore have to attend the distant hearing or risk being bound by the result." *Id*. Indeed, if transfer were

---

[2]We note that the cases at issue are pending in distant counties stretching from the Panhandle, North Texas, the Hill Country, and East Texas. Establishing one convenient central county for pretrial hearings would be problematic at best.

granted to a distant county, some subcontractors might be deterred from pursuing their claims at all after weighing the potential expense of litigation against the comparatively small amounts of the claims.[3]

Finally, the lawsuits between Auer, Teague, Patel's companies, and Patel include multiple tort claims and are much more contentious and complex than the more straight-forward issue of what amount is owed to the various subcontractors. The potential ability of the subcontractors to quickly resolve their claims is best exemplified by the summary judgment one of the subcontractors, Hufcor, already has obtained in its favor.

Accordingly, Auer and Teague have not shown that consolidating the cases before one judge for pretrial proceedings would be efficient or serve the convenience of the parties and witnesses.

**CONCLUSION**

On this record, we conclude Auer and Teague have not shown the cases they seek to transfer are "related," or that it would serve the convenience of the parties, witnesses, or lawyers to have the pretrial issues heard by a single, pretrial judge. The joint motion to transfer is denied.

_____
Catherine Stone, Justice

**OPINION DELIVERED**:  February 23, 2010

---

[3]Auer relies on this panel's decision in *In re Digitek®*, MDL No. 09-0408 (Tex. M.D.L. Panel Aug. 5, 2009), to support its assertion that any inconvenience will be "more or less evenly distributed" among the various parties. Auer's reliance on *Digitek®* is misplaced for two reasons. First, in *Digitek®*, unlike the instant case, the claims were found to be related because they all related to one core fact - the claimants had taken the same medication. By contrast, in the instant litigation, the cases with related common interests - the suits between Auer, Teague, and the Patel companies - are already pending in Montgomery County, with one exception. Second, the claims in *Digitek®* arose in twelve different counties, but most of those counties were in the eastern part of the state. In this case, however, the various subcontractor cases are pending in ten distant counties stretching across the state.