**In re TOYOTA UNINTENDED ACCELERATION LITIGATION.**

No. 10–0342.

Texas Judicial Panel on Multidistrict Litigation.

July 12, 2010.

## ON REVIEW BY THE MULTIDIS-
## TRICT LITIGATION PANEL

Chief Justice WRIGHT delivered the unanimous opinion of the MDL Panel.

Toyota has filed a motion to transfer fifteen pending lawsuits for consolidated pretrial proceedings. Plaintiffs in thirteen of the lawsuits join Toyota in its motion. They contend that all of these cases share multiple common issues of fact. Movants believe that consolidated and coordinated pretrial proceedings will eliminate duplicative discovery, avoid conflicting legal rulings, conserve judicial resources, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of the lawsuits.

The Rules of Judicial Administration authorize us "to transfer 'related' cases from different trial courts to a single pretrial judge if transfer will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of the litigation." *In re Ad Valorem Tax Litig.*, 216 S.W.3d 83, 84 (Tex. M.D.L.

Panel 2006); Tex.R. Jud. Admin. 13.3(*l* ), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon Supp.2009). Cases are "related" if they involve one or more common questions of fact. Tex.R. Jud. Admin. 13.2(f); Tex. Gov't Code Ann. § 74.162 (Vernon 2005).

■ Movants contend that all of the pending lawsuits involve sudden acceleration claims related to alleged defects in Toyota's accelerator pedals and/or floor mats or Toyota's electronic throttle control systems. The plaintiffs [1] in two of the lawsuits oppose the motion. They contend the cases are not related because: (1) the cases do not arise from a single catastrophic event; (2) they have differing theories as to the alleged defect; (3) the vehicles involved are different years, makes, and models; and (4) some of the cases involve local issues like breach of warranty and misrepresentation claims against dealerships.

■ It is true that these unintended acceleration cases do not arise from a single catastrophic event. However, that is not a requirement under Rule 13. When multiple lawsuits contend that a product is defective, there will be common liability questions at the core of each case. *In re Digitek Litig.*, 387 S.W.3d 115, 117 (Tex. M.D.L. Panel 2009). These cases involve numerous common questions of fact including: (1) whether certain Toyota vehicles are prone to unintended acceleration; (2) the cause of unintended acceleration; (3) whether Toyota was aware of the alleged

defects relating to unintended acceleration; and (4) whether Toyota failed to timely recall its vehicles or properly test them. These common questions of fact exist regardless of whether a plaintiff claims an unintended acceleration incident was caused by a defect in the vehicle's floor mats, accelerator pedal, or electronic throttle control system. Moreover, it is irrelevant that the cases involve vehicles of differing make, model, and year. *See In re DaimlerChrysler AG CLK430 Litig.*, 216 S.W.3d 81, 82 (Tex. M.D.L. Panel 2006) (transferring cases involving alleged defects in vehicles with model years ranging from 2000–03); *In re Texas Windstorm Ins. Ass'n Hurricanes Rita and Humberto Litig.*, 339 S.W.3d 401, 402–03 (Tex. M.D.L. Panel 2009) (transferring cases involving different asbestos products).

We recognize that some of the cases involve local issues like breach of warranty and misrepresentation by local dealerships that depend upon their own set of facts. Opposing plaintiffs rely on *In re Kone, Inc.*, 216 S.W.3d 68 (Tex. M.D.L. Panel 2005). In *Kone,* an elevator maintenance contractor sought to transfer four cases in four different counties for pretrial coordination. *Kone* involved the company's maintenance of elevators at four different hospitals. The motion to transfer was denied based on the fact that there was no showing that facts discovered as to the performance of the maintenance contract at one hospital will have any relation to

1. *The Estate of Sharon Ransom Deceased by and through Edward Ransom, And Roxanne Early, Individually and as Legal Heirs v. Toyota Motor Corp., Toyota Motor Eng'g & Mfg. N. Am., Inc., Toyota Motor Manufacturing, Kentucky, Inc., Grapevine Imports, Let. d/b/a Texas Toyota of Grapevine, TOI Irving, Inc., d/b/a Toyota of Irving, and Toyota of Irving, Ltd.,* Cause No. 10–03683 in the 134th Judicial District Court of Dallas County, Texas.

*Mary Fitts, Individually and as Representative of the Estate of George E. Fitts, Deceased, Todd Fitts and Angela Fitts Huffhines, Individually, William Fitts, and Phyllis Fitts, Individually, Bill Ci. Fitts and Frieda Fitts Individually v. Toyota Motor Corp. and Shannon Budzisz,* Cause No. 2010–8511–CCL in the County Court at Law, Harrison County, Texas.

what occurred at any of the other three hospitals. *Id.* at 70. *Kone* involved an alleged breach in the performance of a contract which is fact driven. By contrast, the cases before us involve a product defect. By their nature, product liability cases are related. *See In re Ford Motor Co. Speed Control Deactivation Switch Litig.*, 285 S.W.3d 185, 190 (Tex. M.D.L. Panel 2008). Moreover, to prevail on the local dealership issues of breach of warranty and misrepresentation, the plaintiffs must first establish a defect. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 444 (Tex.1989).

Here, the fifteen cases all allege unintended acceleration events in Toyota vehicles caused by product defects. The product liability issues involve numerous common questions of fact. Accordingly, we conclude the cases are related.

■ Having determined that the cases are related, we now turn to the second requirement for an MDL transfer. We must determine whether transfer will serve the goals of convenience, efficiency, and justice. Rule 13 aims to further these goals by eliminating duplicative discovery, minimizing conflicting demands on witnesses, preventing inconsistent decisions on common issues, and reducing unnecessary travel. *See In re Hurricane Rita Evacuation Bus Fire*, 216 S.W.3d 70, 72 (Tex. M.D.L. Panel 2006); *In re Silica Prods. Liab. Litig.*, 166 S.W.3d 3, 5 (Tex. M.D.L. Panel 2004). As disputes concerning pretrial matters arise, it makes sense for the same questions to be answered in the same way. *Digitek*, 387 S.W.3d at 117. The legal system should not give different answers to a question or allow repetitive discovery, or subject witnesses or lawyers to conflicting demands simply because the cases are pending before different judges in different parts of the state. *Id.*

To promote consistency in rulings on pretrial matters and the convenience of the parties and witnesses, we conclude the cases should be transferred for pretrial consolidation. Fifteen cases are pending in eleven counties. Four cases are in Harris County. Two cases are in Bexar County. The remaining nine cases are in the counties of Dallas, Harrison, Galveston, Madison, Nueces, Brazoria, Montgomery, Hidalgo, and Angelina. We note that parties and witnesses rarely need to attend pretrial hearings in person, and lawyers who are not located near the pretrial court may be allowed, upon request, to participate by telephone or other electronic means. *Digitek*, 387 S.W.3d at 117.[2]

We grant the motion to transfer and motion to stay. The pre-trial judge has been appointed by separate order.

Presiding Judge PEEPLES, Chief Justice STONE, and Justices McCLURE, and BROWN join.

---

2. Opposing plaintiffs also contend Toyota's motion should be denied because their cases do not need further discovery and are ready for trial. A pretrial judge, however, will ordinarily remand a case for trial that is ready to proceed without regard to the readiness of any of the other consolidated cases. This argument does not support denial of the motion.