===========

No. 
07-0037

===========

In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation

======================================================

On Review by the Judicial Panel on Multidistrict Litigation

======================================================

Justice Stone 
delivered the opinion for the unanimous Multidistrict Litigation Panel.

On March 1, 2007, we issued our order granting the Motion to Transfer Pursuant to Rule 13 filed by Ocwen Loan Servicing, LLC.  This opinion sets out the basis for that decision.

Background

Ocwen filed its motion to transfer before this panel on January 19, 2007, asserting that nine related cases presenting similar factual questions and identical legal claims are pending in seven Texas counties in nine different District Courts.
(footnote: 1)  Ocwen, which is in the business of servicing mortgage loans, asserts that the core allegations in the pending cases are that Ocwen wrongfullly charged mortgage borrowers delinquency-related fees and then wrongfully foreclosed on borrowers’ houses.  In its motion, Ocwen predicted that additional cases would be filed based on the “steady stream” of demand letters it had received from the same counsel representing the plaintiffs in the pending cases.  Ocwen subsequently filed a supplemental appendix listing two additional case filings on behalf of plaintiffs represented by the same counsel.
(footnote: 2)  

Ocwen also notes that a federal Judicial Panel on Multidistrict Litigation ordered the transfer of nine cases pending against Ocwen in federal court alleging claims relating to unfair loan servicing and/or debt collection practices.  Ocwen states that a total of fifty-five cases have been transferred pursuant to the federal panel’s order.  Ocwen contends that the cases filed in the Texas state courts contain the same factual allegations as the cases previously filed in federal court; however, the Texas cases assert violations of Texas statutes as opposed to federal statutes.
(footnote: 3)  Ocwen alleges that the federal claims were dropped so that the claims could be filed in state court, thereby avoiding transfer under the federal panel’s order.

Ocwen contends that the petitions in the pending cases contain the following “copycat” factual allegations: (1) Ocwen maliciously and wrongfully increased the plaintiffs’ monthly mortgage payment; (2) Ocwen misapplied, failed to post, or posted incorrect payments; (3) Ocwen gave plaintiffs inconsistent accounting information concerning the outstanding debt amount; (4) Ocwen forced plaintiffs to sign forbearance agreements; (5) Ocwen informed plaintiffs that their payments would increase to pay off past due payments; and (6) Ocwen provided plaintiffs with limited and inadequate information in response to inquiries regarding their loans.  Ocwen further contends that the petitions contain common legal issues, including: (1) whether plaintiffs are consumers under the Texas Deceptive Trade Practices Act; (2) whether Ocwen owes the plaintiffs a fiduciary duty; (3) whether Ocwen’s standard procedures up to foreclosure were proper; and (4) whether Ocwen’s standard procedures gave rise to any claim under the Texas Debt Collection Practices Act.  Ocwen alleges that the denial of the transfer would require it “to brief and argue many of the same preliminary motions, discovery disputes, summary judgment motions and other pre-trial issues before multiple courts across the State.”

The plaintiffs counter that each of their “experience with Ocwen was their own personal nightmare, with unique facts.”  The plaintiffs also contend that the defendants other than Ocwen are different in each case and each case involves a different specific piece of real property.  The plaintiffs further assert that two of the pending cases are set for trial.  Finally, the plaintiffs contend that the action taken by the federal multidistrict litigation panel has no bearing on this panel’s decision.

Discussion

Texas Rule of Judicial Administration 13 provides a pretrial process that will allow cases to proceed efficiently toward trial.  
Tex. R. Jud. Admin
. 13, 
reprinted in
 
Tex. Gov’t Code Ann
., tit. 2, subtit. F app. (Vernon Supp. 2006); 
In re Vanderbilt Mortgage & Fin., Inc.
, 166 S.W.3d 12, 14 (Tex. M.D.L. Panel Mar. 2, 2005).  Rule 13 authorizes the panel to transfer civil actions that involve one or more common questions of fact to a single pretrial judge if “transfer would be for the convenience of the parties and witnesses and would promote the just and efficient conduct of the cases.”  
In re Silica Products Liability Litigation
, 166 S.W.3d 3, 5 (Tex. M.D.L. Panel Nov. 10, 2004).  Rule 13 seeks to prevent the occurrence of problems in the future and is not limited to correcting ongoing problems from the past.  
Id
.  Rule 13 “does not require proof that witnesses have already been inconvenienced; it looks ahead and focuses on whether transferring cases to a pretrial judge would serve the convenience of the parties and witnesses by preventing inconvenience in the future.”  
Id
.  In addition, Rule 13 allows a single pretrial judge to decide common issues in the same way and enables lawyers to know where the court stands on recurring issues.  
Id
. at *6.

The claims in each of the nine pending cases are based on standard practices and procedures followed by Ocwen in its business of servicing mortgage loans.  Accordingly, in all nine cases, discovery will be aimed at disclosing the nature of these common practices and procedures.  In addition, similar legal issues will arise as to whether those standard practices and procedures give rise to liability under the commonly alleged theories.  

Although the plaintiffs assert that only Ocwen would be convenienced by a transfer, Rule 13 is concerned that Ocwen’s employees, who will be fact witnesses, could be subject to conflicting demands or repetitive discovery which would inconvenience both the witnesses and the parties.  
Furthermore, some of the claims alleged by the plaintiffs will involve common pretrial issues with regard to consumer standing and whether a fiduciary relationship exists.  A transfer will ensure that those issues are decided the same way.  
Id
.  As contested issues arise, the pretrial judge will be able to make consistent rulings.  
Id
. 

Finally, although the plaintiffs seek to discount its importance, we find it informative that a federal multidistrict litigation panel centralized nine cases containing similar factual allegations against Ocwen.  The federal panel determined that the actions shared factual questions arising out of similar allegations and centralization was necessary “in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.”   The subsequent transfer of a total of fifty-five cases pursuant to that order suggests that the centralization of these types of cases created on-going, recognizable efficiencies.

The plaintiffs allege that at least one of the nine cases is ready for trial; however, the current status of that case cannot be determined from our record.  Nevertheless, we are confident that the pretrial judge will be mindful of the status of the cases transferred and promptly remand to the trial court any case that is indeed ready for trial.  
See
 
Tex. R. Jud. Admin
. 13.7, 
reprinted in
 
Tex. Gov’t Code Ann
., tit. 2, subtit. F app. (Vernon Supp. 2006) (addressing remand of cases).

Conclusion

“A rule 13 transfer of cases does not require that the cases be congruent or anything close to it.”  
In re Hurricane Rita Evacuation Bus Fire
, No. 05-1073, 2006 WL 587845, at *2 (Tex. MDL Panel Mar. 6, 2006).  “It requires only that cases be ‘related’ – i.e., that they involve one or more common questions of fact – and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.”  
Id
.  These criteria are shown in the pending nine cases: transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Accordingly, the motion to transfer is granted.

_______________________________

Catherine Stone, Justice

OPINION DELIVERED:
 March 26, 2007

FOOTNOTES
1:
(1) 
Josolyn Davis v. Ocwen Federal Bank, FSB, et al.
, No. 06-CV-147632 (240th Dist. Ct., Fort Bend County); (2) 
Douglas and Marta Gaines v. Ocwen Loan Servicing, LLC, et al.
, No. 06-CV-01707 (234th Dist. Ct., Harris County); (3) 
Troy Winslow v. Ocwen Federal Bank, FSB, et al.
, No. 06-0002-005 (5th Dist. Ct., Bowie County); (4) 
Rozell Boone Hunt v. Ocwen Federal Bank, FSB, et al.
, No. 2004-11290-A (151st Dist. Ct., Harris County); (5) 
Mitchell Cole v. Shelly Ortolani, Substitute Trustee, et al.
, No. 06-10240 (95th Dist. Ct., Dallas County); (6) 
Donald and Kaaron Moden v. Ocwen Financial Corporation, et al.
, No. 24,799 (335th Dist. Ct., Burleson County); (7) 
David Waters, Sr. and Susan Waters v. Ocwen Financial Corporation, et al.
, No. 24,798 (21st Dist. Ct., Burleson County); (8) 
Linda Fleshman v. Ocwen Loan Servicing, LLC, et al.,
 No. 067-221840-06 (67th Dist. Ct., Tarrant County); and (9) 
Stanley C. Beardslee and Patsy Beardslee v. Ocwen Loan Servicing, LLC, et al.
 No. 07-004 (216th Dist. Ct., Kendall County).

2:
(1) 
Mary Brown v. Ocwen Loan Servicing, LLC, et al.,
 No. 17-83-95 (172nd Dist. Ct., Jefferson County, Tex.); and (2) 
Mark and Janet Simpson v. Ocwen Federal Bank, FSB, et al.,
 No. 07-01-20718 (286th Dist. Ct., Hockley County, Tex.).  The supplemental appendix also refers to a case that was not listed in the original appendix because it had been removed to federal court; however, the case is subject to an emergency motion to remand. 
Annette Miranda v. Ocwen Financial Corporation, et al.
 No. SA07-CA-0034-FB-NSN (W.D. Tex.).

3:
Although the plaintiffs contend that this allegation is wholly false because the federal lawsuits do not assert claims under federal statues, we note that the federal panel’s order states, “All actions share factual questions arising out of allegations that Ocwen and/or other defendants engaged in unfair loan servicing and/or debt collection practices i) in violation of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Truth-in-Lending Act, the Fair Credit Billing Act, the Racketeer Influenced and Corrupt Organizations Act and/or state consumer protection/unfair trade practices statutes, as well as ii) based upon various common law theories of liability.”