NOS. 08-0142, 08-0208 & 08-0427

IN RE DELTA LLOYDS INSURANCE COMPANY OF HOUSTON, TEXAS
IN RE HURRICANE RITA HOMEOWNERS' CLAIMS
IN RE SOUTHEAST SURPLUS UNDERWRITERS GENERAL AGENCY, INC.

ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

JUSTICE HANKS delivered the opinion of the Multidistrict Litigation Panel, in which JUSTICE LANG and JUSTICE STONE joined.

PRESIDING JUDGE PEEPLES filed an opinion concurring in part and dissenting in part, in which JUSTICE MCCLURE joined.

Before this Panel are three motions to transfer various insurance coverage cases to a single court for the coordination of pretrial proceedings.[1] These cases, arising from the defendants' denial of Hurricane Rita property damage claims, are currently pending in Jasper, Jefferson, Hardin and Orange Counties. The first motion, filed by Delta Lloyd's Insurance Company of Houston ("Delta"), seeks to consolidate four cases brought against Delta and its adjusters. The second motion, filed by Southeast Surplus Underwriters General Agency Inc. ("Southeast"), seeks to consolidate twelve cases brought against Southeast, as the managing general agent for Farmers and Ranchers Insurance Company ("Farmers"), and/or Farmers and its adjusters. The third motion, filed by Standard Insurance Company, American-Bankers Insurance Company, American Security Insurance Company and Voyager Insurance Company (collectively, "the Carriers"), seeks to consolidate five cases against the Carriers and their adjusters and one case against Underwriters at

---

[1] Delta and the Carriers have asked this Panel to consolidate their motions to transfer into one cause. Although, for administrative purposes, we have considered these two motions together, we do not believe that the consolidation of the motions is warranted and we decline to do so. Accordingly, we examine each of the three motions individually and on its own merits.

Lloyd's of London ("Underwriters") and its adjusters. We grant Delta's motion in part and deny it in part. We grant Southeast's motion. We deny the Carriers' motion.

## Background

For each of the three motions before us, the plaintiffs in the underlying cases own property covered by insurance policies. All of the plaintiffs are represented by the same law firm, and they allege that their respective defendants engaged in unfair settlement practices and wrongfully denied their claims for property damage caused by Hurricane Rita. In each of the petitions, the plaintiffs allege violations of the Texas Insurance Code, fraud, breach of contract and breach of the duty of good faith and fair dealing.

The petitions in all of the underlying cases contain nearly identical generalized allegations of wrongdoing. The discovery requests are nearly identical, and are typical of initial discovery in insurance coverage disputes—seeking general information regarding each defendant's justification for denying the claims, as well as each defendants' policies and procedures for investigating the claims, compliance with the requisite insurance code provisions for adjusting the claims and their communications with the plaintiffs. The discovery requests are voluminous, averaging approximately 93 requests for production and 23 interrogatories (plus requests for disclosure) per defendant insurance carrier and 64 requests for production and 23 interrogatories (plus requests for disclosure) for the remaining defendants.

## Mandates of Rule 13

Each of the three motions to transfer asks us to consolidate a particular subset of cases into an MDL. Rule 13 authorizes this Panel to grant a motion for the transfer of "related" cases from different trial courts to a single pretrial judge if the transfer will (1) serve the convenience of the

2

parties and witnesses and (2) promote the just and efficient conduct of litigation. *See* TEX. R. JUD. ADMIN.13.3(a)(2), TEX. GOV'T CODE § 74.162 (West 2005). Our decision regarding a motion to transfer is necessarily influenced by our review of the contents of the parties' pleadings and discovery in the cases at issue in the motion. Accordingly, for each of the three motions to transfer, we analyze the case grouping suggested by the defendants under the rubric of Rule 13 and the factual issues at play in the cases.

### Are the Cases Related?

Under Rule 13.2(f), cases are related if they involve "one or more common questions of fact." *See* TEX. R. JUD. ADMIN 13.2(f), TEX. GOV'T CODE §74.162 (West 2005). While the rule requires common questions of fact, strict identity of issues and parties in the cases is not required and cases containing case-specific issues such as damages may still be transferred under Rule 13. *See In re Hurricane Bus Evacuation,* 216 S.W. 3d 70, 72 (Tex. M.D.L. Panel 2006). As we have held, "every case is different. No two cases are alike. A rule 13 transfer of cases does not require that the cases be congruent or anything close to it." *In re Hurricane Rita Bus Evacuation,* 216 S.W. 3d at 72.

The arguments and counter-arguments made for each of the three motions to transfer are similar. For example, in each of the three motions, the movants argue that the cases they list are related because they are all insurance coverage disputes arising from property damage sustained during Hurricane Rita. Accordingly, all three groups of movant defendants contend that a number of common questions of fact exist and that these common questions of fact mandate the transfer of

3

their cases to a single pretrial court.[2]

In contrast, the Respondents argue that all of the cases covered by the three motions are highly individualized and that they do not share common questions of fact. Respondents argue that each individual plaintiff had different problems with each defendant carrier and adjuster, and the cases involve separate and distinct pieces of real property located in four different counties.

At the outset, we note that the fact that these insurance coverage disputes may arise from the same disaster does not mean *ipso facto* that they are "related" for purposes of Rule 13. Here, in all three motions to transfer, the occurrence of a single disaster–Hurricane Rita–is a common undisputed fact rather than a "common question of fact" under Rule 13. *See, e.g., In re Personal Injury Litigation Against Great Lakes Dredge & Dock Company LLC,* No. 07-0025 (Tex. M.D.L. Panel March 7, 2007)(denying motion to transfer where the alleged similarities between the cases are "not common questions of fact; instead they are undisputed facts"). Movants' reliance upon our opinion in *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d 70 (Tex. M.D.L. Panel 2006) to support their argument that the occurrence of Hurricane Rita makes all of these cases related under Rule 13 is misplaced. That case is factually distinguishable from the case at bar.

In *In re Hurricane Rita Bus Evacuation*, where we found that the cases arising from a single disaster–a tragic bus fire–were related, there are common questions of fact regarding the occurrence of the disaster itself. As we noted, because these fact questions are central to the resolution of each case, "none of the parties seriously denied that the liability issues in each of the cases will be substantially the same," and in all of the cases the lawyers would have to examine "the same large

---

[2] Delta and the Carriers specifically request that the cases they list in their motions be consolidated and transferred to Harris County. Southeast, after initially requesting that its listed cases be transferred to Bexar County, withdrew its request and now merely asks for a transfer, leaving the choice of appropriate county to our discretion.

4

pool of employees and fact witnesses" and explore the same negligence and causation issues of this single event. *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d at 72; *see also In re Cano Petroleum Inc, et. al,.* No. 07-0593 (Tex. M.D.L. Panel January 2, 2008)(granting motion to transfer cases where common questions of fact regarding a single disaster–a wildfire–exist in seven lawsuits).

However, in each of the three motions currently presented to us, the pleadings and the discovery in the underlying cases reveal that the occurrence of Hurricane Rita is not an actual "question of fact," nor is any purported question of fact pertaining to Hurricane Rita central to the resolution of the mostly contractual and statutory claims asserted against the various defendants. Rather, the underlying factual questions of each case below are the alleged conduct of each of the particular defendants in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. These are the underlying questions of fact that we must examine to determine whether the cases at issue in each motion are "related" under Rule 13.

**Delta**

Applying the above analysis, each of the four cases against Delta do share common questions of fact regarding Delta's alleged conduct in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. Accordingly, we agree with Delta that these four cases are "related" under Rule 13.

In *In re OCWEN Loan Servicing, LLC Mortgage Servicing Litigation,* No. 07-0037 (Tex. M.D.L. Panel March 26, 2007), the Panel addressed factual allegations very similar to the facts before us now and our opinion in that case is instructive to our analysis here. In *OCWEN,* the plaintiffs argued that the cases were highly individualized and not related because each plaintiffs'

5

experience with the defendant in servicing their mortgages "was their own personal nightmare, with unique facts" and each case involves "a different specific piece of real property" located in different counties. *Id.* However, a review of the pleadings and discovery revealed that the claims in each of cases are "based on standard practices and procedures" followed by a single company in the conduct of its business. *Id.* Thus we held that, under those circumstances, each case shared one or more common questions of fact and that under Rule 13 they were related.

> The claims in each of the nine pending cases are based on standard practices and procedures followed by Ocwen in its business of servicing mortgage loans. Accordingly, in all nine cases, discovery will be aimed at disclosing the nature of these common practices and procedures. In addition, similar legal issues will arise as to whether those standard practices and procedures give rise to liability under the commonly alleged theories.

*Id.*

Similarly, as reflected in the plaintiffs' pleadings and discovery requests, the claims against Delta all arise from standardized policy language used by Delta and from the same standard practices and procedures allegedly followed by Delta with respect to each plaintiff's claims. Thus, all these cases will focus upon these practices and procedures and the policy language at issue, and the discovery in all of these cases will reflect that same focus. Under these circumstances, we find that the four Delta cases share one or more common questions of fact and are "related" under Rule 13 to warrant transfer.

### Southeast

Likewise, the twelve cases against Southeast also share common questions of fact regarding the defendants' alleged wrongdoing in adjusting the individual insurance claims and the defendants' alleged contractual basis for denying each plaintiff's claims. The plaintiffs' pleadings and discovery

6

requests for these twelve cases demonstrate that the claims asserted against Southeast all arise from the same policies issued by Southeast and from the same standard practices and procedures allegedly followed by Southeast with respect to each plaintiff's claims. Thus, all these cases will be aimed at disclosing the nature of these practices and procedures and construing the policy language at issue, and will share common discovery requests and responses to those ends. Accordingly, we find that these twelve cases are also "related" under Rule 13 to warrant transfer. *See In re OCWEN,* No. 07-0037.

**The Carriers**

In contrast, we agree with Respondents that the six cases made the subject of the Carriers' motion are not "related" under Rule 13 to support transfer. These cases do not share the same underlying questions of fact. They do not share common questions of fact regarding the alleged conduct of each defendant in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. Although the Carriers contend that they are all members of the "Assurant Group," a group of companies that "sells credit related products; memberships products and, extended service contracts," the Carriers have not established that the claims against them are based on standard practices and procedures common to all four of the Carriers and the Underwriters in handling the claims, or that the claims arise from the same standardized policy language. *See, e.g., In re OCWEN,* No. 07-0037. Similarly, there are no allegations before us that the Carriers and Underwriters acted pursuant to a common scheme to harm plaintiffs. Thus, despite identical generalized allegations of wrongdoing, the various petitions presented by Carriers give rise to different questions of fact based on each plaintiff's dealings and contractual relationship with the defendants. Accordingly, we reject the argument that these cases involve one or more common

7

questions of fact among all of the cases within the meaning of Rule 13.

## Would the Transfer Further Convenience and Efficiency?

We next review whether the transfer of these cases would serve the goals of Rule 13—in other words, whether it will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of litigation. *See* TEX. R. JUD. ADMIN.13.3(a)(2), TEX. GOV'T CODE § 74.162 (West 2005). "The movant need not show anyone has already been inconvenienced or that there are existing problems to be addressed. Instead, we must simply be convinced that transfer to a pretrial judge would promote Rule 13's goals of convenience and efficiency." *In re Hurricane Rita Bus Evacuation,* 216 S.W. 3d 70, 72 (Tex. M.D.L. Panel 2006). While the number of parties and cases is a relevant factor in ruling on a motion to transfer, "the number of pending cases and parties is not directly determinative of the necessity of a pretrial transfer." *In re Vanderbilt Mortgage & Fin. Inc.,* 166 S.W. 3d 12, 14 (Tex. M.D.L. Panel 2005).

## Delta

We agree that transferring the cases listed in Delta's motion to a single pretrial court would further the convenience of both the parties and witnesses in those cases, and would promote the just and efficient resolution of these cases. As a result of the common questions of fact regarding Delta's alleged conduct in adjusting the insurance claims and the contractual basis for the denial of the claims, the same pool of fact and employee witnesses will likely need to be deposed in each one of the four cases against Delta. As we have held, "[w]hen Rule 13 voices its concern for the convenience of parties and witnesses, it has such persons [fact and employee witnesses] in mind." *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d at 72. Further, as evidenced by the voluminous written discovery sought thus far by plaintiffs, discovery in these cases will be time

consuming and costly to both the parties and witnesses, and both the discovery requests and responses are likely to be identical in each of the four cases. Coordination of this discovery in a single pretrial court will greatly reduce the time and expense to both the parties and fact witness, because, among other things, the consolidated proceedings will prevent the needless time and expense of quadrupled written and deposition discovery, and consolidation will also ensure that identical pretrial issues, including discovery disputes and expert issues regarding Delta's conduct, are resolved in a consistent manner among the cases. *In re Steven E. Looper, Individually, et. al.,* No. 06-1010 (Tex. M.D.L. Panel April 10, 2006).

However, we do not agree that this pretrial judge should necessarily be located in Harris County, a county in which none of these cases are pending. A pretrial judge will be appointed by separate order.

### Southeast

For the same reasons, we find that the transfer of the cases against Southeast to a single pretrial court would be convenient to both the parties and witnesses and promote the just and efficient resolution of these cases. Eight of the twelve cases against Southeast were filed in and involve property located in Orange County. The remaining four cases were filed in and involve properties located in Jasper and Hardin Counties–which have a contiguous border with Orange County. Accordingly, we find that the transfer of these cases to a single court would best serve the convenience the parties and witnesses alike in this case. A pretrial judge will be appointed by separate order.

### The Carriers

We have previously noted that the Carriers cases are not "related" for purposes of Rule 13.

9

Accordingly, we need not address the issue of whether transfer would be convenient to the parties and witnesses and promote the just and efficient resolution of the cases listed by the Carriers' motion. Further, in light of our conclusion, we need not address other arguments raised by movants regarding any alleged efficiency and convenience that might be achieved by transfer due to the common representation by the Mostyn Law Firm of the plaintiffs in every case, nor do we deem such contention to be relevant in these cases.

## Conclusion

For the reasons stated above, we conclude that Delta and Southeast have shown that the cases listed their motions are "related" within the meaning of Rule 13 and that transferring them to one pretrial court would serve the convenience of the parties and witnesses and the efficient resolution of the claims. Accordingly, Delta's motion is granted in part and denied in part and Southeast's motion is granted.

For the reasons stated above, we conclude that the Carriers have not shown that the cases that are the subject of their motion are "related" within the meaning of Rule 13. Accordingly, the Carriers' motion is denied.

George C. Hanks, Jr.
Justice

**OPINION DELIVERED:** September 5, 2008

10

IN RE DELTA LLOYDS INSURANCE COMPANY OF HOUSTON, TEXAS
IN RE HURRICANE RITA HOMEOWNERS' CLAIMS
IN RE SOUTHEAST SURPLUS UNDERWRITERS GENERAL AGENCY, INC.

ON REVIEW BY THE MULTIDISTRICT LITIGATION PANEL

JUSTICE HANKS delivered the opinion of the Multidistrict Litigation Panel, in which JUSTICE LANG and JUSTICE STONE joined.

PRESIDING JUDGE PEEPLES filed an opinion concurring in part and dissenting in part, in which JUSTICE MCCLURE joined.

Before this Panel are three motions to transfer various insurance coverage cases to a single court for the coordination of pretrial proceedings.[1] These cases, arising from the defendants' denial of Hurricane Rita property damage claims, are currently pending in Jasper, Jefferson, Hardin and Orange Counties. The first motion, filed by Delta Lloyd's Insurance Company of Houston ("Delta"), seeks to consolidate four cases brought against Delta and its adjusters. The second motion, filed by Southeast Surplus Underwriters General Agency Inc. ("Southeast"), seeks to consolidate twelve cases brought against Southeast, as the managing general agent for Farmers and Ranchers Insurance Company ("Farmers"), and/or Farmers and its adjusters. The third motion, filed by Standard Insurance Company, American-Bankers Insurance Company, American Security Insurance Company and Voyager Insurance Company (collectively, "the Carriers"), seeks to consolidate five cases against the Carriers and their adjusters and one case against Underwriters at

---

[1] Delta and the Carriers have asked this Panel to consolidate their motions to transfer into one cause. Although, for administrative purposes, we have considered these two motions together, we do not believe that the consolidation of the motions is warranted and we decline to do so. Accordingly, we examine each of the three motions individually and on its own merits.

Lloyd's of London ("Underwriters") and its adjusters. We grant Delta's motion in part and deny it in part. We grant Southeast's motion. We deny the Carriers' motion.

## Background

For each of the three motions before us, the plaintiffs in the underlying cases own property covered by insurance policies. All of the plaintiffs are represented by the same law firm, and they allege that their respective defendants engaged in unfair settlement practices and wrongfully denied their claims for property damage caused by Hurricane Rita. In each of the petitions, the plaintiffs allege violations of the Texas Insurance Code, fraud, breach of contract and breach of the duty of good faith and fair dealing.

The petitions in all of the underlying cases contain nearly identical generalized allegations of wrongdoing. The discovery requests are nearly identical, and are typical of initial discovery in insurance coverage disputes—seeking general information regarding each defendant's justification for denying the claims, as well as each defendants' policies and procedures for investigating the claims, compliance with the requisite insurance code provisions for adjusting the claims and their communications with the plaintiffs. The discovery requests are voluminous, averaging approximately 93 requests for production and 23 interrogatories (plus requests for disclosure) per defendant insurance carrier and 64 requests for production and 23 interrogatories (plus requests for disclosure) for the remaining defendants.

## Mandates of Rule 13

Each of the three motions to transfer asks us to consolidate a particular subset of cases into an MDL. Rule 13 authorizes this Panel to grant a motion for the transfer of "related" cases from different trial courts to a single pretrial judge if the transfer will (1) serve the convenience of the

2

parties and witnesses and (2) promote the just and efficient conduct of litigation. *See* TEX. R. JUD. ADMIN.13.3(a)(2), TEX. GOV'T CODE § 74.162 (West 2005). Our decision regarding a motion to transfer is necessarily influenced by our review of the contents of the parties' pleadings and discovery in the cases at issue in the motion. Accordingly, for each of the three motions to transfer, we analyze the case grouping suggested by the defendants under the rubric of Rule 13 and the factual issues at play in the cases.

### Are the Cases Related?

Under Rule 13.2(f), cases are related if they involve "one or more common questions of fact." *See* TEX. R. JUD. ADMIN 13.2(f), TEX. GOV'T CODE §74.162 (West 2005). While the rule requires common questions of fact, strict identity of issues and parties in the cases is not required and cases containing case-specific issues such as damages may still be transferred under Rule 13. *See In re Hurricane Bus Evacuation,* 216 S.W. 3d 70, 72 (Tex. M.D.L. Panel 2006). As we have held, "every case is different. No two cases are alike. A rule 13 transfer of cases does not require that the cases be congruent or anything close to it." *In re Hurricane Rita Bus Evacuation,* 216 S.W. 3d at 72.

The arguments and counter-arguments made for each of the three motions to transfer are similar. For example, in each of the three motions, the movants argue that the cases they list are related because they are all insurance coverage disputes arising from property damage sustained during Hurricane Rita. Accordingly, all three groups of movant defendants contend that a number of common questions of fact exist and that these common questions of fact mandate the transfer of

3

their cases to a single pretrial court.[2]

In contrast, the Respondents argue that all of the cases covered by the three motions are highly individualized and that they do not share common questions of fact. Respondents argue that each individual plaintiff had different problems with each defendant carrier and adjuster, and the cases involve separate and distinct pieces of real property located in four different counties.

At the outset, we note that the fact that these insurance coverage disputes may arise from the same disaster does not mean *ipso facto* that they are "related" for purposes of Rule 13. Here, in all three motions to transfer, the occurrence of a single disaster–Hurricane Rita–is a common undisputed fact rather than a "common question of fact" under Rule 13. *See, e.g., In re Personal Injury Litigation Against Great Lakes Dredge & Dock Company LLC,* No. 07-0025 (Tex. M.D.L. Panel March 7, 2007)(denying motion to transfer where the alleged similarities between the cases are "not common questions of fact; instead they are undisputed facts"). Movants' reliance upon our opinion in *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d 70 (Tex. M.D.L. Panel 2006) to support their argument that the occurrence of Hurricane Rita makes all of these cases related under Rule 13 is misplaced. That case is factually distinguishable from the case at bar.

In *In re Hurricane Rita Bus Evacuation*, where we found that the cases arising from a single disaster–a tragic bus fire–were related, there are common questions of fact regarding the occurrence of the disaster itself. As we noted, because these fact questions are central to the resolution of each case, "none of the parties seriously denied that the liability issues in each of the cases will be substantially the same," and in all of the cases the lawyers would have to examine "the same large

---

[2] Delta and the Carriers specifically request that the cases they list in their motions be consolidated and transferred to Harris County. Southeast, after initially requesting that its listed cases be transferred to Bexar County, withdrew its request and now merely asks for a transfer, leaving the choice of appropriate county to our discretion.

4

pool of employees and fact witnesses" and explore the same negligence and causation issues of this single event. *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d at 72; *see also In re Cano Petroleum Inc, et. al,.* No. 07-0593 (Tex. M.D.L. Panel January 2, 2008)(granting motion to transfer cases where common questions of fact regarding a single disaster–a wildfire–exist in seven lawsuits).

However, in each of the three motions currently presented to us, the pleadings and the discovery in the underlying cases reveal that the occurrence of Hurricane Rita is not an actual "question of fact," nor is any purported question of fact pertaining to Hurricane Rita central to the resolution of the mostly contractual and statutory claims asserted against the various defendants. Rather, the underlying factual questions of each case below are the alleged conduct of each of the particular defendants in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. These are the underlying questions of fact that we must examine to determine whether the cases at issue in each motion are "related" under Rule 13.

#### Delta

Applying the above analysis, each of the four cases against Delta do share common questions of fact regarding Delta's alleged conduct in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. Accordingly, we agree with Delta that these four cases are "related" under Rule 13.

In *In re OCWEN Loan Servicing, LLC Mortgage Servicing Litigation,* No. 07-0037 (Tex. M.D.L. Panel March 26, 2007), the Panel addressed factual allegations very similar to the facts before us now and our opinion in that case is instructive to our analysis here. In *OCWEN,* the plaintiffs argued that the cases were highly individualized and not related because each plaintiffs'

5

experience with the defendant in servicing their mortgages "was their own personal nightmare, with unique facts" and each case involves "a different specific piece of real property" located in different counties. *Id.* However, a review of the pleadings and discovery revealed that the claims in each of cases are "based on standard practices and procedures" followed by a single company in the conduct of its business. *Id.* Thus we held that, under those circumstances, each case shared one or more common questions of fact and that under Rule 13 they were related.

> The claims in each of the nine pending cases are based on standard practices and procedures followed by Ocwen in its business of servicing mortgage loans. Accordingly, in all nine cases, discovery will be aimed at disclosing the nature of these common practices and procedures. In addition, similar legal issues will arise as to whether those standard practices and procedures give rise to liability under the commonly alleged theories.

*Id.*

Similarly, as reflected in the plaintiffs' pleadings and discovery requests, the claims against Delta all arise from standardized policy language used by Delta and from the same standard practices and procedures allegedly followed by Delta with respect to each plaintiff's claims. Thus, all these cases will focus upon these practices and procedures and the policy language at issue, and the discovery in all of these cases will reflect that same focus. Under these circumstances, we find that the four Delta cases share one or more common questions of fact and are "related" under Rule 13 to warrant transfer.

### Southeast

Likewise, the twelve cases against Southeast also share common questions of fact regarding the defendants' alleged wrongdoing in adjusting the individual insurance claims and the defendants' alleged contractual basis for denying each plaintiff's claims. The plaintiffs' pleadings and discovery

6

requests for these twelve cases demonstrate that the claims asserted against Southeast all arise from the same policies issued by Southeast and from the same standard practices and procedures allegedly followed by Southeast with respect to each plaintiff's claims. Thus, all these cases will be aimed at disclosing the nature of these practices and procedures and construing the policy language at issue, and will share common discovery requests and responses to those ends. Accordingly, we find that these twelve cases are also "related" under Rule 13 to warrant transfer. *See In re OCWEN,* No. 07-0037.

**The Carriers**

In contrast, we agree with Respondents that the six cases made the subject of the Carriers' motion are not "related" under Rule 13 to support transfer. These cases do not share the same underlying questions of fact. They do not share common questions of fact regarding the alleged conduct of each defendant in adjusting the individual insurance claims and the alleged contractual basis for denying each plaintiff's claims. Although the Carriers contend that they are all members of the "Assurant Group," a group of companies that "sells credit related products; memberships products and, extended service contracts," the Carriers have not established that the claims against them are based on standard practices and procedures common to all four of the Carriers and the Underwriters in handling the claims, or that the claims arise from the same standardized policy language. *See, e.g., In re OCWEN,* No. 07-0037. Similarly, there are no allegations before us that the Carriers and Underwriters acted pursuant to a common scheme to harm plaintiffs. Thus, despite identical generalized allegations of wrongdoing, the various petitions presented by Carriers give rise to different questions of fact based on each plaintiff's dealings and contractual relationship with the defendants. Accordingly, we reject the argument that these cases involve one or more common

7

questions of fact among all of the cases within the meaning of Rule 13.

### Would the Transfer Further Convenience and Efficiency?

We next review whether the transfer of these cases would serve the goals of Rule 13—in other words, whether it will (1) serve the convenience of the parties and witnesses and (2) promote the just and efficient conduct of litigation.  *See* TEX. R. JUD. ADMIN.13.3(a)(2), TEX. GOV'T CODE § 74.162 (West 2005). "The movant need not show anyone has already been inconvenienced or that there are existing problems to be addressed.  Instead, we must simply be convinced that transfer to a pretrial judge would promote Rule 13's goals of convenience and efficiency." *In re Hurricane Rita Bus Evacuation,* 216 S.W. 3d 70, 72 (Tex. M.D.L. Panel 2006).  While the number of parties and cases is a relevant factor in ruling on a motion to transfer, "the number of pending cases and parties is not directly determinative of the necessity of a pretrial transfer." *In re Vanderbilt Mortgage & Fin. Inc.,* 166 S.W. 3d 12, 14 (Tex. M.D.L. Panel 2005).

### Delta

We agree that transferring the cases listed in Delta's motion to a single pretrial court would further the convenience of both the parties and witnesses in those cases, and would promote the just and efficient resolution of these cases.  As a result of the common questions of fact regarding Delta's alleged conduct in adjusting the insurance claims and the contractual basis for the denial of the claims, the same pool of fact and employee witnesses will likely need to be deposed in each one of the four cases against Delta.  As we have held, "[w]hen Rule 13 voices its concern for the convenience of parties and witnesses, it has such persons [fact and employee  witnesses] in mind." *In re Hurricane Rita Evacuation Bus Fire,* 216 S.W. 3d at 72. Further, as evidenced by the voluminous written discovery sought thus far by plaintiffs, discovery in these cases will be time

consuming and costly to both the parties and witnesses, and both the discovery requests and responses are likely to be identical in each of the four cases. Coordination of this discovery in a single pretrial court will greatly reduce the time and expense to both the parties and fact witness, because, among other things, the consolidated proceedings will prevent the needless time and expense of quadrupled written and deposition discovery, and consolidation will also ensure that identical pretrial issues, including discovery disputes and expert issues regarding Delta's conduct, are resolved in a consistent manner among the cases. *In re Steven E. Looper, Individually, et. al.,* No. 06-1010 (Tex. M.D.L. Panel April 10, 2006).

However, we do not agree that this pretrial judge should necessarily be located in Harris County, a county in which none of these cases are pending. A pretrial judge will be appointed by separate order.

### Southeast

For the same reasons, we find that the transfer of the cases against Southeast to a single pretrial court would be convenient to both the parties and witnesses and promote the just and efficient resolution of these cases. Eight of the twelve cases against Southeast were filed in and involve property located in Orange County. The remaining four cases were filed in and involve properties located in Jasper and Hardin Counties–which have a contiguous border with Orange County. Accordingly, we find that the transfer of these cases to a single court would best serve the convenience the parties and witnesses alike in this case. A pretrial judge will be appointed by separate order.

### The Carriers

We have previously noted that the Carriers cases are not "related" for purposes of Rule 13.

9

Accordingly, we need not address the issue of whether transfer would be convenient to the parties and witnesses and promote the just and efficient resolution of the cases listed by the Carriers' motion. Further, in light of our conclusion, we need not address other arguments raised by movants regarding any alleged efficiency and convenience that might be achieved by transfer due to the common representation by the Mostyn Law Firm of the plaintiffs in every case, nor do we deem such contention to be relevant in these cases.

## Conclusion

For the reasons stated above, we conclude that Delta and Southeast have shown that the cases listed their motions are "related" within the meaning of Rule 13 and that transferring them to one pretrial court would serve the convenience of the parties and witnesses and the efficient resolution of the claims. Accordingly, Delta's motion is granted in part and denied in part and Southeast's motion is granted.

For the reasons stated above, we conclude that the Carriers have not shown that the cases that are the subject of their motion are "related" within the meaning of Rule 13. Accordingly, the Carriers' motion is denied.

George C. Hanks, Jr.
Justice

**OPINION DELIVERED:** September 5, 2008

10